UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. THOMAS O'HARA ARCHITECT, PLLC  and H.
THOMAS O'HARA,

              Plaintiffs

              -against-

EXTELL WEST 45TH STREET LLC, EXTELL WEST
45TH LLC and EXTELL DEVELOPMENT COMPANY

              Defendants.

**Civil Action  07 CV 11224 (LAK)(JCF)**

**ECF CASE**

**VERIFIED AMENDED COMPLAINT**

USDC
CASHIERS

Plaintiffs, H. Thomas O'Hara and H. Thomas O'Hara Architect, PLLC, by their attorneys, Arent Fox LLP, as and for this complaint allege as follows:

## JURISDICTION AND PARTIES

1.      This is an action for breach of contract, unjust enrichment, foreclosure of mechanic's lien,  account stated, and copyright infringement under the Copyright Act of 1976 and 17 U.S.C. § 102 of the United States Copyright Act.

2.      This court has jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that

this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims arose.

3.      This action was commenced in the Supreme Court of the State of New York, New York County, on or about December 4, 2007. Defendants removed the action to the Southern District of New York on or about December 13, 2007.

4.      Plaintiff, H. Thomas O'Hara Architect, PLLC is a professional limited liability company organized and existing under the laws of the State of New York.

5.      Plaintiff H. Thomas O'Hara is a resident of the State of New York.

6.      The Plaintiffs are collectively referred to herein as the "Plaintiffs."

7.      Upon information and belief, Defendant, Extell West 45th Street LLC is a limited liability company organized and existing under the laws of the State of New York.

8.      Upon information and belief, Defendant, Extell West 45th LLC is a limited liability company organized and existing under the laws of the State of New York.

9.      Upon information and belief, Defendant, Extell Development Company is a company organized and existing under the laws of the State of New York.

10.     The Defendants are collectively referred to herein as the "Defendants."

## FACTUAL BACKGROUND

11.     On or about November 30, 2006, Plaintiffs and Defendants entered into an agreement (the "Agreement") whereby Plaintiffs agreed to act as the licensed and registered architect for Defendants and provide, among other things, professional architectural services and prepare architectural and design documents, work product and intellectual property in connection with Defendants' major real estate development project located at 139 West 45th Street, New York New York (the "Project"). The Agreement is annexed hereto as Exhibit A. Plaintiffs reserve the right to refer to said document at the trial of this action for its terms and conditions.

12.     Pursuant to the Agreement, Plaintiffs were obligated to perform certain design and architectural work in exchange for a contract price of $1,200,000.

13.     On December 21, 2007, Plaintiffs jointly filed for registration of services, documents, work product and other things related to their work on the Project. Copyright registration papers are annexed hereto as Exhibit B.  Plaintiffs reserve the right to refer to said document at the trial of this action for its terms and conditions.

14.     Pursuant to the United States Copyright Act, Plaintiffs' services, documents, work product and other things are protected by copyright under 17 U.S.C § 102 from, among other things, improper and unlawful transfer, copying, duplication and other prohibited uses.

15.     Plaintiffs duly performed all of their obligations under the Agreement until Defendants improperly and materially breached the Agreement by, among other things, failing to pay Plaintiffs.

16.     Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants did not materially breach the Agreement.

17.     Plaintiffs performed $410,156.49 worth of agreed-upon work. Only $273,076.60 of this amount has been paid.

18.     Following Defendants' material breach of the Agreement, they retained another architect to work on the Project.

19.     Upon information and belief, Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to Defendants' second architect and other members of the Project team.

3

20.     Upon information and belief, Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to third-party marketing representatives and real estate brokers for the sale of the Project.

21.     Upon information and belief, Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to other third-parties for use on the Project and for, among other things, the sale of the Project.

22.     Upon information and belief, Defendants continue to improperly use, copy and transfer Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act.

23.     Defendants currently owe Plaintiff approximately $273,076.60 for the unpaid services on the Project, which Defendants accepted without objection.

24.     But for Defendants' material breach of the Agreement, Plaintiffs would have realized approximately $475,000 in profit under the Agreement and for their services on the Project.

25.     Additionally, Plaintiffs have been and continue to be damaged as a result of Defendants' improper use, copying and transferring of Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act.

26.     Prior to the Agreement, Plaintiffs performed certain other services for the Project, which were not part of the Agreement for which Defendants paid Plaintiffs certain sums. Any claims arising out of such prior services are not included in this complaint and Plaintiffs reserve all rights and remedies with respect to those services.

27.    On or about November 20, 2007, as a result of the substantial sums due Plaintiffs and in order to secure their claims against Defendants, Plaintiff duly filed a mechanic's lien against Defendants' real property at the location of the Project (the "O'Hara Lien"), annexed hereto as Exhibit C.  Plaintiffs reserve the right to refer to said document at the trial of this action for its terms and conditions.

## FIRST CLAIM

### (Copyright Infringement)

28.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

29.    This is an action for copyright infringement under the Copyright Act of 1976, Title 17, U.S.C., § 101, as hereinafter more fully appears.

30.    Plaintiffs' services, documents, work product and other things are protected by copyright under Section 17 U.S.C § 102 of the United States Copyright Act (the "Copyrights").

31.    Plaintiffs are the owners of the Copyrights created for Defendants for use on the Project.

32.    Plaintiffs first published the Copyrights on or about April 24, 2007.

33.    On or about December 21, 2007, Plaintiffs applied for registration of the Copyrights in which they claimed authorship in all the Copyrights. The Copyrights contain material wholly original with Plaintiffs and are copyrightable subject matter under the laws of the United States. A Certificate of Registration is still pending.

34.    Plaintiffs are the exclusive owners of the Copyrights, which protect wholly original material that is copyrightable under the Copyright Act.

35.    At all times relevant herein, Plaintiffs have been and still are the owners of the exclusive rights to reproduce and distribute, and to authorize the reproduction and distribution of items containing the Copyrights.

36.    Upon information and belief, the Defendants had access to Plaintiffs' Copyrights at all times during the Project.

37.    Upon information and belief, Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to Defendants' second architect and other members of the Project team.

38.    Upon information and belief, Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to third-party marketing representatives and real estate brokers for the sale of the Project.

39.    Upon information and belief, Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to other third-parties for use on the Project and for, among other things, the sale of the Project.  See attached Exhibit D. Plaintiffs reserve the right to refer to said document at the trial of this action for its terms and conditions.

40.    The above listed transfer to third parties was a copy of the original expression in the original Copyrights by Plaintiffs, and therefore infringed Plaintiffs' Copyrights.

41.    Upon information and belief, Defendants continue to improperly use, copy and transfer Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act.

42.    Upon information and belief, Defendants are now attempting to sell the Project and Plaintiffs' documents and work product as part of its offering package to lure potential buyers.

43.    Plaintiffs' Copyrights and the goodwill associated with them are of inestimable and incalculable value.

44.    Upon information and belief, Defendants have unlawfully duplicated, reproduced, transferred and offered for sale items protected under the Copyrights.

45.    Upon information and belief, Defendants continue to unlawfully duplicate, reproduce, transfer and offer for sale items protected under the Copyrights.

46.    Plaintiffs have never authorized the sale of their copyrighted work related to the Project.

47.    The acts as alleged herein are infringements of the Copyrights and are prohibited and unlawful.

48.    Upon information and belief, the copyright infringements as alleged herein were committed deliberately and willfully.

49.    Upon information and belief, Defendants have used and continue to use Plaintiffs' documents and work product to infringe upon the Copyrights which has caused irreparable harm to Plaintiffs and, unless Defendants are permanently enjoined by order of this Court, Plaintiffs will suffer further irreparable harm.

50.    Plaintiffs are entitled to injunctive relief, together with reasonable attorneys' fees pursuant to, among other things, 17 U.S.C. § 501, and the costs of this action.

51.    Additionally, Plaintiffs are entitled to damages, in an amount to be determined at trial but not less than $1,500,000, plus appropriate interest on such damages

together with reasonable attorneys' fees and the costs of this action pursuant to, among other things, 17 U.S.C. § 501.

52.    By reason of the foregoing, Plaintiff are entitled to damages, a preliminary injunction and permanent injunction barring Defendants from continuing to use, copy and transfer all of Plaintiffs documents, work product and other things.

**SECOND CLAIM**
**(Breach of Contract)**

53.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

54.    Plaintiffs presented Defendants with an architectural fee proposal on or about November 30, 2006, the terms of which became part of the Agreement detailed above.

55.    The Agreement listed the cost to Defendants for Plaintiffs' architectural work on all phases of the Project, as discussed previously in more detail.

56.    Defendants' lack of objection to the proposal and acceptance of Plaintiffs' commencement of the work qualified as an acceptance of the offer.

57.    Upon information and belief, Defendants have never denied the existence of a valid Agreement between the parties.

58.    Plaintiffs complied with all conditions precedent to Defendants' performance under said contract by properly performing the work listed in the Agreement and requested of Defendants the predetermined payment amount.

59.    Upon information and belief, Defendants have accepted the Agreement work but have refused to pay the Agreement price.

60.    Defendants' breach is material and in no way constitutes substantial performance of the terms of said Agreement.

61.    But for Defendants' material breach of the Agreement, Plaintiffs would have realized approximately $475,000 in profit under the Agreement and for their services on the Project.

62.    Defendants have breached their Agreement with Plaintiffs in an amount not less than $273,076.60.

63.    By reason of the foregoing, Plaintiffs are entitled to damages in an amount to be determined at trial, but not less than the sum of $748,076.60 plus appropriate interest on such damages together with reasonable attorneys' fees and the costs of this action.

### THIRD CLAIM
**(Unjust Enrichment)**

64.    Plaintiffs repeats and reallege each and every allegation set forth above as if fully set forth herein.

65.    Plaintiffs conferred benefits on Defendants, including, but not limited to, providing design documents, work product and intellectual property with regards to the Project.

66.    Defendants requested that Plaintiffs perform this work for Defendants' benefit.

67.    Defendants voluntarily accepted and retained the benefits conferred by Plaintiffs.

68.    Upon information and belief, Defendants have recently marketed the Project for sale and have relied heavily on the work product of Plaintiff to further this objective.

69.    Upon information and belief, Defendants continue to use Plaintiffs' documents, work product and copyrighted material for development of the Project.

70.    The circumstances are such that it would be inequitable for Defendants to retain the benefits provided without paying the value thereof to Plaintiffs.

71.    Defendants' unjust enrichment is in an amount to be determined at trial, but not less than $273,076.60 plus interest since May 3, 2007.

## FOURTH CLAIM

### (Foreclosure of Mechanic's Lien)

72.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

73.    Upon information and belief, at all times herein relevant, Defendants were and still are the owners of the Project.

74.    At the time of the filing of the lien hereinafter set forth, there was and still is justly due, owing and unpaid by the Defendants to Plaintiffs the sum of $273,076.00 with interest thereon from May 3, 2007.

75.    On or about November 20, 2007, Plaintiffs caused to be filed in the Office of the Clerk of the County of New York, that being the county where the property hereinbefore described is situated, a notice of lien in writing, which notice did state the name and residence of the lienor and its business address and principal place of business; the name of the owners of the real property against whose interest therein a lien is claimed and the interest of the owner so far as known to lienor; the name of the person by whom the lienor was employed and to whom it furnished the materials and with whom the contract was made; the labor performed and materials furnished, and the agreed price and value thereof; the amount unpaid to the lienor for such labor and materials; the time when the first and last items of work were performed and materials were furnished; the property subject to the lien, with a description thereof sufficient for identification together with its location by street and number, which said notice of lien was duly verified by Plaintiffs to the effect that the statements therein contained were true to their knowledge except

as to the matters therein stated to be alleged on information and belief, and that as to those matters they believed it to be true.

76.    On or about November 20, 2007, the said notice of lien was duly docketed in the New York County Clerk's office in the Lien Docket kept for the said purpose and thereafter and on or about November 20, 2007, Plaintiffs caused a copy of the said notice of lien to be served upon the Defendants, all of the parties required by law to be placed upon notice thereof, by certified registered mail, return receipt requested.

77.    Said notice complied, in all respects, with the provisions of the Lien Law of the State of New York and was effective to create a mechanic's lien in favor of Plaintiffs and against Defendants, upon said premises for the sums due from Defendants, to Plaintiffs herein, as aforesaid.

78.    Said lien has not been paid, waived, canceled or discharged and no other action or proceeding has been brought to recover Plaintiffs' claim.

79.    Upon information and belief, Defendants herein, have, or claim to have, some interest in or lien upon the premises, which interest or lien is subsequent and subordinate to that of Plaintiffs and is unknown to Plaintiffs.

80.    No persons other than the Defendants have or claim to have a lien upon the said premises to the knowledge of Plaintiffs, nor has any other lien been filed.

81.    By reason of the Mechanic's Lien, Plaintiffs demand judgment decreeing that they have a valid lien upon the premises in the sum of $273,076.60 with interest; that the equities of the parties be adjusted and determined and that it be adjudged that Plaintiffs have a lien upon said premises prior to the lien of any defendant herein; that the Defendants and all persons claiming under them be forever barred and foreclosed of all rights, equity of redemption or other interest in the premises.

## FIFTH CLAIM

### (Account Stated)

82.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

83.     Plaintiffs conferred benefits on Defendants, including, but not limited to, creating architectural documents, work product, and intellectual property for Defendants for use on the Project.

84.     Prior the institution of this action, parties engaged in business transactions between them.

85.     Plaintiffs rendered to Defendants multiple Statements of Account for the services rendered and Defendants did not object to these Statements of Account. Copies of the Statements of Account are annexed hereto as Exhibit E. Plaintiffs reserve the right to refer to said document at the trial of this action for its terms and conditions.

86.     On or about December 5, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from November 1, 2006, through December 5, 2006 with a total amount due of $67,045.10. Defendants did not object to this Statement of Account.

87.     On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through December 31, 2006 with a total amount due of $25,057.60. Defendants did not object to this Statement of Account.

88.     On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through

December 31, 2006 with a total amount due of $112,079.89. Defendants did not object to this Statement of Account.

89.    On or about February 26, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from February 1, 2007, through February 28, 2007 with a total amount due of $102,992.31. Defendants did not object to this Statement of Account.

90.    On or about March 30, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from March 1, 2007, through March 31, 2007 with a total amount due of $145,051.79. Defendants did not object to this Statement of Account.

91.    On or about May 3, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from April 1, 2007, through May 2, 2007 with a total amount due of $273,076.60. Defendants did not object to this Statement of Account.

92.    Under the Statement of Account, Defendants originally owed Plaintiffs $410,156.49.

93.    Under the Statement of Account, Defendants still owe Plaintiffs in an amount to be determined at trial but not less than $273,076.60, plus interest.

**WHEREFORE**, Plaintiffs request judgment as follows:

**(A)**    On the first claim, (a) that a permanent injunction be issued enjoining Defendants and each of their agents, servants, employees, and attorneys and those persons from, inter alia, using any of the Plaintiff's Copyrights, or any documents or work product similar thereto as well as (b) a temporary injunction preventing the Defendants from selling the property located on the Project due to market confusion and the resulting irreparable harm to Plaintiff's good will and name that will inevitably arise after a marketing campaign that made extensive use of Plaintiff's copyrighted work, (c) all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected at trial, statutory damages, as available under the Copyright Act, Title 17, U.S.C., § 101 (d) attorneys' fees as available under the Copyright Act, Title 17, U.S.C., § 101.

**(B)**    On the second claim, judgment as of May 3, 2007, against Defendants, in the amount of at least $273,076.60, plus interest, attorneys' fees and actual costs, and other charges, all of which continue to accrue; and

**(C)**    On the third claim, judgment as of May 3, 2007, against Defendants, in the amount of at least $273,076.60, plus interest, attorneys' fees and actual costs, and other charges, all of which continue to accrue; and

**(D)**    On the fourth claim,  judgment in favor of Plaintiff decreeing that it has a valid lien upon the premises in the sum of $273,076.60 with interest thereon from May 3, 2007, together with the costs and disbursements of this action; that the equities of the parties be adjusted and determined and that it be adjudged that Plaintiff has a lien upon said premises prior to the lien of any defendant herein; that Plaintiff have judgment for any deficiency remaining; that the Defendants and all persons claiming under them be forever barred and foreclosed of all rights, equity of redemption or other interest in the premises; that, in case it be determined that Plaintiff does not have a valid and subsisting lien upon said real property, Plaintiff may have a personal judgment against the Defendants for the sum of $273,076.60, with interest thereon from May 3, 2007, together with the costs and disbursements of this action; and

**(E)**    On the fifth claim, judgment against Defendants, in the amount of at least $273,076.60, plus interest, attorneys' fees and actual costs, late charges, and other charges, all of which continue to accrue; and

**(F)**    Such other, further and different relief as is just and proper.

Dated: New York, New York
January 29, 2008

ARENT FOX LLP

**David J. Pfeffer** (DJP-1317)
1675 Broadway
New York, New York 10019
Tel. 212-484-3900
pfeffer.david@arentfox.com

Attorneys for Plaintiffs

**VERIFICATION**

**STATE OF NEW YORK**          )
                              ) **s.s.:**
**COUNTY OF NEW YORK**        )

I, H. THOMAS O'HARA, being duly sworn, depose and say that I am the Managing

Member of Plaintiff, H. Thomas O'Hara Architect, PLLC, in the within action. In that capacity,

and individually, I have read the foregoing Verified Amended Complaint herein and all the

contents thereof are true to my knowledge, except matters therein stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.

H. Thomas O'Hara

Sworn to before me this
29th day of January, 2008

Notary Public

YENA HUANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HU6145819
Qualified in Queens County
My Commission Expires May 15, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. THOMAS O'HARA ARCHITECT, PLLC and H.
THOMAS O'HARA,

                    Plaintiffs

                -against-

EXTELL WEST 45TH STREET LLC, EXTELL WEST
45TH LLC and EXTELL DEVELOPMENT COMPANY

                 Defendants.

**Civil Action  07 CV 11224 (LAK)(JCF)**

**ECF CASE**

**<u>Certificate of Service</u>**

State of New York    )
                  ) ss:
County of New York  )

      Edwin Fragoso, being duly sworn, deposes and says:

      1.     That I am not a party to the within action, I am over the age of 18 years and reside in the County of New York and State of New York and I am an employee of Arent Fox LLP.

      2.     That on January 30, 2008, I served, true and correct copies of the Verified Amended Complaint and 7.1 Statement, upon the following attorneys, duly authorized to accept service on behalf of all Defendants by Federal Express:

Y. David Scharf
909 Third Avenue
New York, New York 10022
Fax: (212) 735-8709
Email: dscharf@morrisoncohen.com

Ahuva Genack
805 Third Avenue- 7th Floor
New York, New York 10022
Fax: (212) 552-5766
Email: susan.mcnamara@chase.com

_____
Edwin Fragoso

Sworn to before me this
30h day of January, 2008

_____
Notary Public

Nicholas P. Pavlidis
Notary Public, State of New York
No. 02PA6160212
Qualified in New York County
Commission Expires 1/29/2011

**Exhibit A**

# H. THOMAS O'HARA

**ARCHITECT, PLLC**    *135 West 36th Street, New York, NY 10018*
www.hto-architect.com    *212 695 3117   212 695 3118 : fax*

November 30, 2006

Mr. Gary Barnett                                              cc: Deborah Cohen
**Extell West 45th Street, LLC**
800 Third Avenue, 4th Floor
New York, NY 10022

Re: 139 West 45th Street

Dear Mr. Barnett:

Thank you for presenting H. Thomas O'Hara, Architect, PLLC with the opportunity to work on the above referenced project. We are pleased to submit to you a base architectural fee proposal of $1,200,000.00.

For this fee we will provide the following architectural services:

**I.    Schematic Design Phase**

Prepare preliminary programmatic and schematic space planning options locating all interior architectural elements. This is to include the preparation of a zoning package and exterior envelope, apartment blocking diagrams, stacking diagrams, location of general circulation, layout of the programmatic space adjacencies, furniture locations, as well as drawings that will enable the preliminary visualization of the important areas of the proposed design.

- Preliminary drawings to be at 1/8"=1'-0" scale.
- Aid the owner in assembling the required consultants.
- Determine the preliminary project cost based upon a mutually agreed construction standard.
- Identify finishes being considered for the interior spaces.
- Present Preliminary Schematic Plan Options for approval.

**II.    Design Development Phase**

Based on the approved Schematic Design documents, and any adjustments authorized by the Owner in the program or project budget, prepare for approval of the owner a set of Design Development documents. These shall consist of drawings and other documents that fix and describe the size, character, and design of the entire project.

- Floor plans to be at 1/4"=1'-0" scale.
- Develop typical bathroom and kitchen elevations and details.
- Prepare design development presentation for client's approval including plans, ceiling, special elevations.
- Provide necessary documents to owner's financing sources. (eg. Area breakdown, unit mix, etc. in the format required).

**III.    Construction Document Phase**

Based on the approved Design Development documents and any further adjustments in the scope or quality of the project or in the project budget authorized by the owner, prepare for the owner a set of Construction Documents. These documents shall consist of drawings and specifications that set forth in detail the requirements for the construction of the Project. Construction documents are to conform to local building codes and construction methods. Drawings will contain:

- Floor Plans at 1/4"=1'-0" scale.
- Elevations and sections, as may be required.
- Details of Millwork and Special Items.
- Door and Finish Schedules and Details.

"A"

- Coordinate architectural drawings with MEP & Structural drawings.

## IV.    Construction Administration Phase

Review and approve or take other appropriate action upon Contractor's submittals such as shop drawings, product data, and samples, but only for the limited purpose of checking for conformance with information given and the design concept expressed in the construction documents. In conjunction with Exterior Consultant provide regular reports of site inspections where appropriate and track non-compliant and/or non-conforming work.

### Job Meetings

The architect shall attend job meetings on a weekly basis through each phase of the project unless directed not to do so by the owner.

### Compensation (% of Fee)

| | |
|---|---|
| Retainer | 5% |
| Schematic Design | 15% |
| Design Development | 20% |
| Construction Documents | 35% |
| Construction Administration | 25% |
| | 100% |

### Additional Fees, Reimbursable Expenses, and Additional Services (at cost)

*All items in the list below are to be billed as additional fees:*

| | |
|---|---|
| Interior Design (kitchen, bathrooms, lobby, corridors): | $75,000.00 |
| Offering Plan | $35,000.00 |
| Tax Lot Drawing | $25,000.00 |
| Attendance at meetings beyond the required job meetings | |
| Landscape architect | |
| MEP/IT engineering | |
| Structural engineering | |
| Geotechnical engineering | |
| Exterior wall/window consultant | |
| Elevator consultant | |
| Architectural Survey of the lot and existing buildings | |
| Asbestos investigation and report | |
| All filings and approvals with government agencies having jurisdiction | |
| All contractor & sub-contractor background disks (files can be posted to our ftp site free of charge) | |
| Building department expeditor | |
| Acoustical design consultant | |
| Renderer (except for preliminary rendering mentioned above) | |
| Model maker | |
| F F & E | |

*All items in the list below are to be billed at cost as reimbursable expenses:*

Blueprints / reproductions
Plotting costs
Transportation, lodging, and associated expenses
Long distance faxes and communication
Same day delivery messenger service
Overnight messenger service
Photographic film/developing

*Additional Services are billed per hour with prior written approval as follows:*

| | |
|---|---|
| Principal | $450.00 |
| Senior Associate | $275.00 |
| Associate | $230.00 |
| Senior Project Manager | $160.00 |
| Project Manager | $135.00 |
| Senior Architect/Interior Designer | $110.00 |
| Architect/Interior Designer | $ 95.00 |
| Architectural Intern | $ 65.00 |

We require a retainer of $60,000.00 to commence work that is to be credited at the beginning of the construction administration phase. The amount paid to date will be applied to the fee. Invoices will be submitted monthly, based on work completed for fees and accumulated reimbursable expenses. Monthly payments will be due within 30 days. The terms and conditions of this proposal are valid if the document is counter-signed and returned within thirty (30) days of this date. All marketing material to contain Architect's logo and address.

Yours truly,


H. Thomas O'Hara, Jr., AIA



Accepted client:_____Date:_____

**Exhibit B**

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at *www.copyright.gov*, write the Copy-
right Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____
EFFECTIVE DATE OF REGISTRATION

_____

Month _____ Day _____ Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

135 West 45th Street Architectural Drawings

NATURE OF THIS WORK ▼ See instructions

Architectural Drawings

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ _____ Number ▼ _____ Issue Date ▼ _____ On Pages ▼ _____

**2**

**a** NAME OF AUTHOR ▼

H. Thomas O'Hara

DATES OF BIRTH AND DEATH
Year Born ▼ 1959 Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____USA____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☒ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed 2007
This information must be given Year in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month 4 Day 24 Year 2007
USA Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

H. Thomas O'Hara
135 West 36th Street, New York, NY 10018

See instructions before completing this space.

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

"B"

| EXAMINED BY | | FORM VA |
| --- | --- | --- |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**          **Year of Registration ▼**

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

**a**

See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name ▼**          **Account Number ▼**

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

David J. Pfeffer, Esq.  Arent Fox LLP
1675 Broadway, 34th Floor, New York, NY 10019

**b**

Area code and daytime telephone number  (212 )484-3948          Fax number  (212 )484-3990

Email  pfeffer.david@arentfox.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  H. Thomas O'Hara

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.

David J. Pfeffer          Date  12/21/07

Handwritten signature (X) ▼

X _Don Pfer_

| Certificate will be mailed in window envelope to this address: | Name ▼ David J. Pfeffer, Esq.  Arent Fox LLP | **9** |
| --- | --- | --- |
| | Number/Street/Apt ▼ 1675 Broadway, 34th Floor | |
| | City/State/ZIP ▼ New York, NY 10019 | |

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA – Full  Rev: 07/2008  Print: 07/2008—30,000  Printed on recycled paper          U.S. Government Printing Office: 2004-320-958/60.125

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at *www.copyright.gov*, write the Copy-
right Office, or call (202) 707-3000.

**Ⓒ** **Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____
EFFECTIVE DATE OF REGISTRATION

_____

Month _____ Day _____ Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**
Title of This Work ▼

135 West 45th Street Architectural Drawings

NATURE OF THIS WORK ▼ See instructions

Architectural Drawings

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ _____ Number ▼ _____ Issue Date ▼ _____ On Pages ▼ _____

**2**
NAME OF AUTHOR ▼

a H. Thomas O'Hara

DATES OF BIRTH AND DEATH
Year Born ▼ _____ Year Died ▼ _____
1959

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of    USA
     Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☑ Architectural work

b Name of Author ▼

Dates of Birth and Death
Year Born ▼ _____ Year Died ▼ _____

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**
a Year in Which Creation of This Work Was Completed

2007 ◄ Year

This information must be given in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.

Month 4 Day 24 Year 2007
USA _____ Nation

**4**
See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

H. Thomas O'hara
135 West 36th Street, New York, NY 10018

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**DO NOT WRITE HERE OFFICE USE ONLY**

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶** · Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
· See detailed instructions.    · Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

| EXAMINED BY | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**          **Year of Registration ▼**

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name ▼**          **Account Number ▼**

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

David J. Pfeffer, Esq.  Arent Fox LLP
1675 Broadway, 34th Floor, New York, NY 10019

b

Area code and daytime telephone number  **( 212 ) 484-3948**          Fax number  **( 212 )484-3990**

Email  **pfeffer.david@arentfox.com**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶ { ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  **H. Thomas O'hara**

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.

David J. Pfeffer          Date **12/21/07**

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address: | Name ▼ David J. Pfeffer, Esq. Arent Fox LLP | **9** |
| | Number/Street/Apt ▼ 1675 Broadway, 34th Floor | |
| | City/State/ZIP ▼ New York, NY 10019 | |

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA – Full  Rev: 07/2006  Print: 07/2006—30,000  Printed on recycled paper          U.S. Government Printing Office: 2004-320-958/60,125



**PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.**

# FedEx Express US Airbill

Sender's Copy

FedEx Tracking Number **8530 5733 8614**

**1 From** Please print and press hard.

Date 12/21/2007

Sender's FedEx Account Number **0100-5219-0**

Sender's Name — DAVID PFEFFER    Phone (212) 484-3900

Company ARENT FOX KINTNER PLOTKIN KAHN

Address 1675 BROADWAY FL 32

City NEW YORK    State NY    ZIP 10019-5839

**2 Your Internal Billing Reference** 030040.0000

**3 To**

Recipient's Name    Phone ( )

Company LIBRARY OF CONGRESS, COPYRIGHT OFFICE

Recipient's Address 101 INDEPENDENCE Avenue SE

City WASHINGTON    State DC    ZIP 20559-600

**4a Express Package Service**

☑ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope
☐ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

☐ No    ☐ Yes (Shipper's Declaration not required)    ☐ Yes (Dangerous goods)
☐ Dry Ice    ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☐ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value $ .00

**8 Sign to Authorize Delivery Without a Signature**

0311976986

466

FedEx Use Only

Try online shipping at fedex.com.

Questions? Visit our Web site at fedex.com
or call 1.800.GoFedEx 1.800.463.3339.

FedEx | Track                                                                    Page 1 of 2

Track Shipments/FedEx Kinko's Orders                                ⑦ Quick Help
**Detailed Results**

| Tracking number | 853057338614 | Reference | 030040 00000 |
|---|---|---|---|
| Signed for by | R.WALKER | Delivered to | Shipping/Receiving |
| Ship date | Dec 21, 2007 | Service type | Priority Envelope |
| Delivery date | Dec 26, 2007 10:29 AM | | |

**Status**              Delivered

**Signature image**     No
**available**

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Dec 26, 2007 | 10:29 AM | Delivered | WASHINGTON, DC | |
| | 9:01 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| Dec 24, 2007 | 10:23 AM | Delivery exception | WASHINGTON, DC | Holiday - Business closed |
| Dec 22, 2007 | 9:18 AM | At local FedEx facility | WASHINGTON, DC | |
| | 9:18 AM | At local FedEx facility | WASHINGTON, DC | Package not due for delivery |
| | 5:10 AM | Departed FedEx location | NEWARK, NJ | |
| | 5:10 AM | In transit | NEWARK, NJ | |
| | 5:10 AM | At dest sort facility | DULLES, VA | |
| | 12:28 AM | Arrived at FedEx location | NEWARK, NJ | |
| Dec 21, 2007 | 11:54 PM | Left origin | NEW YORK, NY | |
| | 4:52 PM | Picked up | NEW YORK, NY | |

[ Signature proof ]   [ E-mail results ]   [ Track more shipments/orders ]

**Subscribe to tracking updates (optional)**

Your Name: [                    ]        Your E-mail Address: [                    ]

| E-mail address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| [          ] | English | ■ | ☐ | ☑ |
| [          ] | English | ■ | ☐ | ☑ |
| [          ] | English | ■ | ☐ | ☑ |
| [          ] | English | ■ | ☐ | ☑ |

**Select format:** ● HTML  ○ Text  ○ Wireless
**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and
Conditions                                                                [ Submit ]

**Exhibit C**

451/3

# NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of   New York   and all others whom it may concern:

**Please Take Notice,** that   H. Thomas O'Hara Architect, PLLC

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are H. Thomas O'Hara Architect, PLLC

c/o David Pfeffer, Esq., 1675 Broadway
New York , NY   10019

being a Corporation  Duly organized and existing under and by virtue of the laws of the State of New York
whose business address is at  c/o David Pfeffer, Esq., 1675 Broadway New York, NY 10019

(2) The owner of the real property is Extell West 45th LLC
and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the party by whom the lienor(s) was (were) employed is:
Extell West 45th LLC

The name of the party to whom the lienor(s) furnished or is (are) to furnish materials or for whom
the lienor(s) performed or is (are) to perform professional services is:
Extell West 45th LLC

(4) The labor performed was   Architectural Services. License # 025215

**Block:**
**996**   The material furnished   N/A

**Lot:**
**15**   The materials actually manufactured for but not delivered to the real property are N/A

The agreed price and value of the labor performed is
The agreed price and value of the material furnished is
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is
The agreed fee for professional services is   $410,156.49

Total agreed price and value $410,156.49

(5) The amount unpaid to the lienor(s) for said labor performed is   $273,076.60
The amount unpaid to the lienor(s) for said material furnished is
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is

Total amount unpaid $273,076.60

The total amount claimed for which this lien is filed is   $273,076.60
(6) The time when the first item of work was performed was   11/1/2006
The time when the first item of material was furnished was   N/A
The time when the last item of work was performed was   5/10/2007
The time when the last item of material was furnished was   N/A

(7) The property subject to the lien is situated in  New York, County of  New York ,State of New York
Known as:   138 West 45th Street
New York ,  NY

That said labor and materials were performed and furnished for and used, and that the professional services rendered were
used, in the improvement of the real property hereinbefore described.

*Mark Nash, Agent*

Dated November 20, 2007                 Mark Nash, Agent

FILED
COUNTY CLERK
N.Y. COUNTY
2009 NOV 20  PM 1:26

"C"

11/26/2007 10:26 AM FROM: Speedy Lien Inc.    TO: +1 (212) 484-3990    PAGE: 003 OF 004

45173

STATE OF NEW YORK, COUNTY OF                    SS.:                    INDIVIDUAL OR PARTNER

being duly sworn, says
that deponent is  of the co-partnership named in the within notice of lien and the lienor(s) mentioned in the foregoing notice of lien;
that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except
as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

STATE OF NEW YORK, COUNTY OF  New York                    SS.:                    CORPORATION

Mark Nash  being duly sworn, says
that deponent is the  Agent   of  H. Thomas O'Hara Architect, PLLC
herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own
knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent
believes it to be true. The reason why this verification is made by deponent is that deponent is an officer,
to wit, the  Agent  of  H. Thomas O'Hara Architect, PLLC
which is a  Domestic  corporation, and deponent is familiar with the facts and circumstances herein.

Mark Nash, Agent

State of New York                    ss:

County of   Nassau

On the  20  day of  November   in the year  2007   before me, the undersigned, a Notary Public in and for said
State, personally appeared  Mark Nash, Agent   personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she
executed same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of
which individual acted, executed the instrument.

Signature of Notary Public

MARIE RUIZ
Notary Public, State of New York
No. 01RU6105664
Qualified in Nassau County
Commission Expires April 05, 2011

401/3

# Affidavit of Service by Certified Mail

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and
on  11/20/2007    the undersigned served the within Notice of Lien on

Extell West 45th LLC
805 Third Avenue
4th Floor
New York, NY  10022

Extell West 45th LLC

Premises known as:
139 West 45th Street
New York, NY
Block:  998
Lot:    15

by depositing a true copy of same, enclosed in a certified mail, postpaid, properly addressed wrapper, in an
official depository of the United State Postal Service in New York State.

*Mark Nash*

Mark Nash

State of New York

County of  Nassau

On the  20  day of  November  in the year  2007 , before me, the undersigned, a Notary Public in and for
said State, personally appeared  Mark Nash      personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged
to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the
individual, or the person upon behalf of which individual acted, executed the instrument.

*Marie Ruiz*

Signature of Notary Public

Marie Ruiz
Notary Public, State of New York
No. 01RU6168016
Qualified in Nassau County
Commission Expires April 28, 2011

FILED
COUNTY CLERK
N.Y. COUNTY
2009 NOV 20  PM 1:24

**Exhibit D**



**EASTERN CONSOLIDATED**
Real estate investment services

355 Lexington Avenue, 11th Floor
New York, New York 10017
212-499-7700 Telephone
212-499-7718 Facsimile
info@easternconsolidated.com

## TIMES SQUARE
## RESIDENTIAL DEVELOPMENT SITE

**ADDRESS:**    131-139 West 45th Street
New York, New York

**LOCATION:**    North side of street between
Broadway and Sixth Avenue

**BLOCK/LOT:**    998/15, 16, 116, 17

**LOT SIZE:**    95' x 100.5'

**ZONING:**    C6-5.5/Midtown

**DESCRIPTION:**    Approximately 268,383 ZSF vacant residential development site.
(See detailed zoning analysis attached)

**PRICE:**    **$136,000,000**

RS/EA/C/Rev.092407

Information contained herein is from sources deemed reliable but is subject to errors, omissions, change of price or terms, and withdrawal without prior notice at any time.



**EASTERN CONSOLIDATED**
Real estate investment services

PLOT MAP



Information contained herein is from sources deemed reliable but is subject to errors, omissions, change of price or terms, and withdrawal without prior notice at any time.

# 131-139 West 45th Street
## Lots 15, 16, 116 & 17
### with "air rights" from Lots 12, 18, 120, 21, 52, 152 & 53
### 9.75' floor-to-floor; as-of-right



| | |
|---|---|
| Footprint lot area | 9,501 SF |
| Area of "air rights" lots | 20,829 SF |
| Total lot area | 30,330 SF |

Lot area: 9,501 SF (footprint only; Lots 15, 16, 116 & 17)     West 45th Street

Zone:   C6-5.5

Maximum permitted floor area:
@ 12 FAR              114,012 SF

**Floor sizes:**

| | |
|---|---|
| 1 (com) | 9,501 GSF |
| 2-27 | 5,243 GSF |
| 28-39 | 4,770 GSF |
| 40-57 | 4,298 GSF |
| Total | 280,423 GSF |

"Air rights"

| | |
|---|---|
| West 45th St. Lots | 45,717 SF |
| West 46th St. Lots | 35,872 SF |
| Sub-total "air rights" | 81,589 SF |

TDR's

| | |
|---|---|
| Jujamcyn | 17,962 SF |
| Shubert | 54,830 SF |
| Sub-total TDR's | 72,792 SF |

Total floor area permitted:   268,393 SF [New floor area available;
                               excludes floor area in existing buildings]

Used this scheme:   268,393 SF (ZSF)

1557-Scheme9.CAD                              © Development Consulting Services, Inc.

**Note:**
Lot areas and floor areas are estimates,
subject to survey verification.

1

Development
Consulting
Services, Inc.

330 West 42nd Street
16th Floor
New York, NY 10036
212 714-0280
212 714-0283 (FAX)

Date:   8/4/06
Rev. 8/8/06      Scale:  1" = 50'        Drawing No:

# 131-139 West 45th Street
Lots 15, 16, 116 & 17
with "air rights from Lots 12, 18, 120, 21, 52, 152 & 53
9.75' floor-to-floor; as-of-right



Half Setback Line
Sec. 81-263

— +591'

— +561'

+278.25' →

90'

W 45th St

Section (NTS)

**Air rights***

| | W45th St | W46thSt | Total |
|---|---|---|---|
| Lot 18 | -1,838 | | -1,838 |
| Lot 12 | 6,047 | | 6,047 |
| Lot 21 | 28,347 | | 28,347 |
| Lot 120 | 13,161 | | 13,161 |
| Lot 52 | | 12,551 | 12,551 |
| Lot 152 | | 11,112 | 11,112 |
| Lot 53 | | 12,209 | 12,209 |
| | 45,717 | 35,872 | 81,589 |

★ unused available floor area;
excludes floor area existing to remain

1557-Scheme8Rev.CAD

© Development Consulting Services, Inc.

Note:
Lot areas and floor areas are estimates,
subject to survey verification.

**2**

Drawing No:

Development
Consulting
Services, Inc.

330 West 42nd Street
16th Floor
New York, NY 10036
212 714-0280
212 714-0283 (FAX)

8/4/06
Date:   Rev. 8/8/06      Scale:   1" = 50'





H. THOMAS O'HARA
ARCHITECT. PLLC

135 West 36th Street
New York, NY 10018
212 695 3117
212 695 3118 : fax

project number
131-139 West 45th Street
New York, N.Y.

drawing title
2nd thru 27th Floor Plan

drawing number
SK-4



## PRINCIPAL REGISTRATION AND
## CONFIDENTIALITY AGREEMENT

THIS REGISTRATION AND CONFIDENTIALITY AGREEMENT (this "Agreement"), made effective as of the _____ day of _____, 2006, by and between EASTERN CONSOLIDATED as agent of Seller, and _____ (1), a _____ (2), whose address is _____ (3), ("Principal"), is to, among other things, assure the protection and preservation of the confidential and/or proprietary nature of information to be disclosed or made available to Principal by Seller, or Eastern Consolidated relating to the potential purchase and sale of the real property commonly known as 131-139 West 45th Street, New York, New York (the "Property").

NOW, THEREFORE, for good and valuable consideration, the parties hereto, for themselves, or for any corporation, partnership, association, joint stock company, limited liability company, limited liability partnership, or trust directly or indirectly controlling, controlled by or under common control of such party, or any employee, servant, agent of such party (all the foregoing being hereinafter collectively referred to as Principal's "Affiliates"), agree as follows:

**1. Registration and Compensation.** By execution below, Principal hereby registers its interest in the potential purchase of the Property and acknowledges receipt of the materials included in the offering package pertaining to the Property prepared by Eastern Consolidated and delivered herewith (the "Offering Package").

Principal hereby agrees that, notwithstanding anything herein or any other agreement or principle of law or equity to the contrary, in no event shall Seller and/or Eastern Consolidated be liable or responsible to pay, or cause to be paid, to any real estate broker, finder, consultant, agent or any other similar party (such parties being hereinafter collectively referred to as the "Broker") any compensation whatsoever including, without limitation, any brokerage commission (or similar charge). Principal hereby agrees to defend, indemnify and hold harmless Seller and Eastern Consolidated from and against any and all claims, demands, or causes of action or other liability, cost or expense, including attorneys' fees and disbursements, arising from, relating to or pertaining to any compensation (including any brokerage commission or similar charge) sought by any Broker and for which Seller and/or Eastern Consolidated is, or is alleged to be, liable or responsible for in connection with the purchase by and/or sale to Principal of the Property (except for the compensation that Seller is responsible to pay to Eastern Consolidated pursuant to a separate writing).

**2. Scope.** For purposes of this Agreement, the "Proprietary Information" shall mean any and all information disclosed relating to the Property, the documents and information included in the Offering Package of which this Agreement is a part, or any other oral, written, graphical, and electronic information disclosed to the Principal or any of its Affiliates (the Principal and its Affiliates shall hereinafter sometimes be referred to as the "Recipient") by Seller or any agent of Seller (including, without limitation, Eastern Consolidated).

**3. Limitation.** The term "Proprietary Information" does not include information which: (a) has been or may in the future be published, or is now or may in the future be otherwise, in the public domain through no fault of the Recipient; (b) prior to disclosure pursuant to this Agreement is properly within the legitimate possession of the Recipient; (c) subsequent to disclosure pursuant to this Agreement, is lawfully received from a third party having rights in the information without restriction of the third party's right to disseminate the information and without notice of any restriction against its further disclosure; (d) is independently developed by the Recipient through parties who have not had, either directly or indirectly, access to or knowledge of such

(1)    Insert Name
(2)    Insert Type of Entity
(3)    Insert Address

Proprietary Information; (e) is approved for disclosure by prior written consent of an authorized signatory of Seller; or (f) is obligated to be produced by law, under order of a court of competent jurisdiction or other similar requirement of a governmental agency, so long as the Recipient required to disclose such information provides Seller with prior written notice of any required disclosure pursuant to such law, order or requirement.

**4. Use.** Principal agrees to use the Proprietary Information only for the purpose of analyzing whether to deliver an offer to purchase the Property in accordance with the Offering Package. No other rights are implied or granted under this Agreement or by the conveying of the Proprietary Information. Principal agrees that it shall not disclose the Proprietary Information to any party whatsoever except, subject to the terms and conditions of this Agreement, to (a) its employees, officers, and directors or those of its Affiliates, (b) third-parties being utilized to perform investigations or analyze information, so as to advise the Principal with respect to submitting an offer on the Property; or (c) third-parties providing the Principal with financing for purchase of the Property, unless Seller shall have delivered its prior written consent to such disclosure of the Proprietary Information.

**5. Reproduction.** Proprietary Information supplied is not to be reproduced in any form, without having obtained the prior written consent of Seller (acting through Eastern Consolidated).

**6. Duty of Care.** All Proprietary Information shall be retained by the Principal in a secure place with access limited to only such of the Principal's employees (or Affiliates) who need to know such information for purposes of determining whether Principal shall elect to deliver an offer in accordance with the Offering Package.

**7. Term.** This agreement shall terminate on the earlier to occur of (i) September 13, 2008 or (ii) execution and delivery of a written agreement evidencing the parties' mutual intent to terminate this Agreement. All of the obligations undertaken by each party hereto shall survive and continue after any termination of this Agreement.

**8. Ownership.** All Proprietary Information, unless otherwise specified in writing, (a) remains the property of Seller, and (b) must be used by the Principal only for the purpose intended. Upon the earlier to occur of (i) termination of this Agreement or (ii) September 13, 2008 all copies of written, recorded, graphical or other tangible Proprietary Information shall be returned to Seller.

**9. Right to Enjoin Disclosure.** The parties acknowledge that a Recipient's unauthorized disclosure or use of Proprietary Information may result in irreparable harm to Seller. Therefore, the parties agree that, in the event of violation or threatened violation of this Agreement, and without limiting any other rights and remedies of Seller, a temporary restraining order and/or an injunction to enjoin disclosure of Proprietary Information may be sought against the Recipient who has breached or threatened to breach this Agreement, and the Recipient who has breached or threatened to breach this Agreement will not raise the defense of an adequate remedy at law.

**10. "As Is" Sale.** By requesting the Offering Package and by executing this Agreement, Principal expressly acknowledges and agrees that Principal is contemplating the purchase of the Property in "AS-IS" condition and "WITH ALL FAULTS" at the date hereof and on the date a definitive purchase and sale agreement is entered into by and between Seller and Principal (if ever), subject to reasonable wear and tear and damage by the elements. The materials and information concerning the Property contained herein and in the Offering Package, and any and all other information provided by Seller or Eastern Consolidated, their counsel and/or their employees, agents, subsidiaries or affiliates, is based in part upon information and materials obtained from sources deemed reliable, but without any independent verification having been undertaken. Principals must not base their offers upon information disseminated in the Offering Package or otherwise made available to Principal by or on behalf of Seller such as, but not limited to, environmental studies, reports, repair estimates, or other studies, proforma and financial information that may be provided by the Seller or Eastern Consolidated, but shall rely solely on their own estimates and studies. No warranty or representation, express or implied, is made by either Seller or Eastern Consolidated and their employees and agents, as to the accuracy or completeness of any or all such information.

11.     **General.**

(a)     This Agreement is governed by and shall be construed under the laws of the State of New York and there are no understandings, agreements or representations, express or implied, not specified herein.

(b)     This Agreement represents the entire understanding between the parties as to the subject matter hereof, and the terms of this Agreement supersede the terms of any prior agreements or understandings, written or oral.

(c)     This Agreement may not be amended except in a writing signed by the parties.

(d)     The provisions of this Agreement are to be considered as severable, and in the event that any provision is held to be invalid or unenforceable, the parties intend that the remaining provisions will remain in full force and effect.

(e)     Captions in this Agreement are for ease of reference only and should not be considered in the construction of this Agreement.

(f)     There are no third party beneficiaries to this Agreement.

(g)     Failure by a party to enforce or exercise any provision, right or option contained in this Agreement will not be construed as a present or future waiver of such provision, right or option.

(h)     The existence of this Agreement and the nature of the discussions between the parties may not be disclosed by either party without the prior written consent of the other party.

(i)     For purposes of this Agreement, the purchase and/or sale of the Property shall mean any transaction, including, but not limited to a lease, mortgage or other debt financing or equity financing.

IN WITNESS THEREOF, the parties have executed this Agreement as of the effective date stated above.

**EXTELL WEST 45TH LLC**

By: _____

    Name:

    Title:


**EASTERN CONSOLIDATED**

By: _____

    Name:ag

    Title:


PRINCIPAL: _____

By: _____

    Name:

    Title:

    Email Address:

**Exhibit E**

**H. THOMAS O'HARA**

ARCHITECT, PLLC      *135 West 36th Street, New York, NY 10018*
*212 695 3117    212 695 3118 : fax*

*Invoice#*    6333                                              December 5, 2006

*to:*      Ms. Deborah Cohen                          cc: Mr. Gary Barnett
           Extell West 45th Street LLC
           800 Third Avenue, 4th Floor
           New York, NY 10022

*project #*    0634      00      139 West 45th Street

### For Professional Services from 11/1/06 through 12/5/06 and Reimbursable Expenses

*summary:*

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $35,000.00 | $25,000.00 | $0.00 | $35,000.00 |
| Schematic Design | 15% | $180,000.00 | 15.0% | $27,000.00 | $27,000.00 | $0.00 | $0.00 | $27,000.00 |
| Design Development | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 7.3% | $87,000.00 | $62,000.00 | $25,000.00 | $0.00 | $62,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $4,987.50 | $4,987.50 | $0.00 | $0.00 | $4,987.50 |
| Reimbursables | | | | $57.60 | $57.60 | $0.00 | $0.00 | $57.60 |

|  |  |
|---|---|
| | $67,045.10 |
| Less Retainer Applied This Period | $0.00 |
| Due This Period | $67,045.10 |

Retainer on Account:    25,000.00
Total Retainer Applied        -

| **TOTAL DUE** | **$67,045.10** |
|---|---|

*Hourly:*

| | Hours | | Rate | | |
|---|---|---|---|---|---|
| 0345    01 | City Planning | | | | |
| Priya Elliott | 12.50 | x | $275.00 | = | $3,437.50 |
| Frank Demmerle | 4.00 | x | $230.00 | = | $920.00 |
| Scott Franklin | 7.00 | x | $90.00 | = | $630.00 |
| | | | | | $4,987.50 |

*reimbursable expenses:*

| Blueprinting/Plotting | $57.60 |
|---|---|
| | $57.60 |

"E"

# H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

Invoice#   6386                                          December 29, 2006

to:    Ms. Deborah Cohen                          cc: Mr. Gary Barnett
       Extell West 45th Street LLC
       800 Third Avenue, 4th Floor
       New York, NY 10022

project #   0634        00    139 West 45th Street

### For Professional Services from 12/6/06 through 12/31/06 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $25,000.00 | $35,000.00 | $0.00 | $25,000.00 |
| Schematic Design | 15% | $180,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Design Development | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 5.0% | $80,000.00 | $25,000.00 | $35,000.00 | $0.00 | $25,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $0.00 | $0.00 | $0.00 | $4,987.50 | $0.00 |
| Reimbursables | | | | $0.00 | $0.00 | $0.00 | $57.60 | $57.60 |

|  | | |
|---|---|---|
| | $25,000.00 | Retainer on Account:     25,000.00 |
| Less Retainer Applied This Period | $0.00 | Total Retainer Applied     - |
| Due This Period | $25,000.00 | |

| TOTAL DUE | $25,057.60 |
|---|---|

# H. THOMAS O'HARA

### ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117    212 695 3118 : fax

*Invoice#*   6379                                                December 29, 2006

*to:*   Ms. Deborah Cohen                              cc: Mr. Gary Barnett
Extell West 45th Street LLC
800 Third Avenue, 4th Floor
New York, NY 10022

*project #*   0634       00    139 West 45th Street

### For Professional Services from 12/6/06 through 12/31/06 and Reimbursable Expenses

*summary:*

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $25,000.00 | $35,000.00 | $35,000.00 |
| Schematic Design | 15% | $180,000.00 | 40.0% | $72,000.00 | $45,000.00 | $0.00 | $27,000.00 | $72,000.00 |
| Design Development | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 11.0% | $132,000.00 | $45,000.00 | $25,000.00 | $62,000.00 | $107,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $4,987.50 | $0.00 | $0.00 | $4,987.50 | $4,987.50 |
| Reimbursables | | | | $92.39 | $34.79 | $0.00 | $57.60 | $92.39 |

|  |  |
|---|---|
| | $45,034.79 |
| Less Retainer Applied This Period | $0.00 |
| Due This Period | $45,034.79 |

Retainer on Account:    25,000.00
Total Retainer Applied    -

**TOTAL DUE**    **$112,079.89**

*reimbursable expenses:*

| | |
|---|---|
| Blueprinting/Plotting | $12.84 |
| Messengers | $21.95 |
| | $34.79 |

# H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

Invoice#   7042R                                        February 26, 2007

to:    Ms. Deborah Cohen                         cc: Mr. Gary Barnett
       Extell West 45th Street LLC
       805 Third Avenue, 7th Floor
       New York, NY 10022

project #   0634        00       139 West 45th Street

### For Professional Services from 2/1/07 through 2/28/07 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $60,000.00 | $0.00 | $0.00 |
| Schematic Design | 15% | $180,000.00 | 75.0% | $135,000.00 | $36,000.00 | $72,000.00 | $27,000.00 | $63,000.00 |
| Design Development | 20% | $240,000.00 | 10.0% | $24,000.00 | $24,000.00 | $0.00 | $0.00 | $24,000.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 18.3% | $219,000.00 | $60,000.00 | $132,000.00 | $27,000.00 | $87,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $20,506.25 | $15,518.75 | $4,987.50 | $0.00 | $15,518.75 |
| Reimbursables | | | | $565.95 | $296.56 | $92.39 | $177.00 | $473.56 |

|  | | |
|---|---|---|
| | $75,815.31 | Retainer on Account: | 25,000.00 |
| Less Retainer Applied This Period | $0.00 | Total Retainer Applied | - |
| Due This Period | $75,815.31 | | |

| TOTAL DUE | $102,992.31 |
|---|---|

Hourly:

| | | Hours | | Rate | | |
|---|---|---|---|---|---|---|
| 0345   01 | City Planning | | | | | |
| | Priya Elliott | 26.25 | x | $275.00 | = | $7,218.75 |
| | Frank Demmerle | 22.00 | x | $230.00 | = | $5,060.00 |
| | Priscila Wiener | 36.00 | x | $90.00 | = | $3,240.00 |
| | | | | | | $15,518.75 |

reimbursable expenses:

| | |
|---|---|
| Local Travel | $288.61 |
| Messengers | $7.95 |
| | $296.56 |

H. THOMAS O'HARA

ARCHITECT, PLLC        135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

Invoice# 7086                                                                March 30, 2007

to:    Ms. Deborah Cohen
       Extell West 45th Street LLC
       805 Third Avenue, 7th Floor
       New York, NY 10022

project #   0634        00    139 West 45th Street

### For Professional Services from 3/1/07 through 3/31/07 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $60,000.00 | $0.00 | $0.00 |
| Schematic Design | 15% | $180,000.00 | 85.0% | $153,000.00 | $18,000.00 | $72,000.00 | $63,000.00 | $81,000.00 |
| Design Development | 20% | $240,000.00 | 20.0% | $48,000.00 | $24,000.00 | $0.00 | $24,000.00 | $48,000.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 21.8% | $261,000.00 | $42,000.00 | $132,000.00 | $87,000.00 | $129,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $20,506.25 | $0.00 | $4,987.50 | $15,518.75 | $15,518.75 |
| Reimbursables | | | | $625.43 | $59.48 | $92.39 | $473.56 | $533.04 |

|  | |
|---|---|
| | $42,059.48 |
| Less Retainer Applied This Period | $0.00 |
| Due This Period | $42,059.48 |

| | |
|---|---|
| Retainer on Account: | 25,000.00 |
| Total Retainer Applied | - |

**TOTAL DUE UPON RECEIPT**    **$145,051.79**

reimbursable expenses:

| | |
|---|---|
| Blueprinting/Plotting | $59.48 |
| | $59.48 |

H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117    212 695 3118 : fax

Invoice#    7140

May 3, 2007
**DUE ON RECEIPT**

to:    Mr. Gary Barnett
Extell West 45th Street LLC
805 Third Avenue, 7th Floor
New York, NY 10022

cc: Hepzi Schechter

project #    0634    00    139 West 45th Street

### For Professional Services from 4/1/07 through 5/2/07 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $60,000.00 | $0.00 | $0.00 |
| Schematic Design | 15% | $180,000.00 | 100.0% | $180,000.00 | $27,000.00 | $72,000.00 | $81,000.00 | $108,000.00 |
| Design Development | 20% | $240,000.00 | 60.0% | $144,000.00 | $96,000.00 | $0.00 | $48,000.00 | $144,000.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 32.0% | $384,000.00 | $123,000.00 | $132,000.00 | $129,000.00 | $252,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $24,596.25 | $4,090.00 | $4,987.50 | $15,518.75 | $19,608.75 |
| Reimbursables | | | | $1,560.24 | $934.81 | $92.39 | $533.04 | $1,467.85 |

Due This Invoice   $128,024.81

TOTAL DUE    $273,076.60

Hourly:

| | 0345    01 | Hours City Planning | | Rate | | |
|---|---|---|---|---|---|---|
| | H. Thomas O'Hara | 10.00 | x | $400.00 | = | $4,000.00 |
| | Priscila Wiener | 1.00 | x | $90.00 | = | $90.00 |
| | | | | | | $4,090.00 |

reimbursable expenses:

| | |
|---|---|
| Blueprinting/Plotting | $85.74 |
| Federal Express | $54.92 |
| Local Travel | $661.80 |
| Messengers | $132.35 |
| | $934.81 |