```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
H. THOMAS O'HARA ARCHITECTS, PLLC,      Civil Action No.
and H. THOMAS O'HARA,                   07-CV-11224

                Plaintiffs,

    -against-                           ANSWER TO COUNTERCLAIMS

EXTELL WEST 45TH STREET LLC, EXTELL
WEST 45TH LLC, EXTELL DEVELOPMENT       TRIAL BY JURY DEMANDED
COMPANY and EXTELL DEVELOPMENT
CORPORATION,

                Defendants.
------------------------------------x
```

The plaintiffs, by their attorneys, Gogick, Byrne & O'Neill, LLP, as and for their Answer to the defendants' Counterclaims, respectfully set forth upon information and belief as follows:

### ANSWER TO COUNTERCLAIMS

### ANSWER TO FACTS COMMON TO COUNTERCLAIMS

1.  Admit each and every allegation contained within paragraph "1" of the Counterclaims and state that the agreement between the parties referenced 139 West 45th Street, New York, New York.

2.  Deny the truth of each and every allegation contained within paragraph "2" of the Counterclaims in the form alleged except Admit plaintiffs rendered certain professional architectural services to defendants.

3.  Deny the truth of each and every allegation contained

within paragraphs "3", "4" and "5" of the Counterclaims in the form alleged except Admit that plaintiffs submitted a written proposal for architectural services to defendants dated November 20, 2006 which was accepted by defendants (the "Agreement") and respectfully refer the Honorable Court to the Agreement for all of its terms, provisions, conditions and limitations, and state that plaintiffs provided architectural services in a professional, competent, and workmanlike manner.

4. Deny the truth of each and every allegation contained within paragraphs "6" through "18" inclusive, "20", "23" and "24" of the counterclaims.

5. Deny the truth of each and every allegation contained within paragraph "19" of the counterclaims, except admit that defendants wrongfully and without justification breached the agreement between the parties by failing to make payment when due and wrongfully terminating, among others.

6. Deny the truth of each and every allegation contained within paragraph "21" of the counterclaims in the form alleged, except admit that defendants made partial payment to plaintiffs under the terms of the parties' agreement but otherwise breached the agreement by failing and refusing to make full payment and wrongfully terminating, among others.

7. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained

within paragraph "22" of the counterclaims.

### ANSWER TO FIRST COUNTERCLAIM
### (Breach of Contract and the Implied Covenant of Good Faith)

8. The responding plaintiffs repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "24" with the same force and effect as if the same were set forth in full herein in response to paragraph "25" of the Counterclaims.

9. Deny the truth of each and every allegation contained within paragraph "26" of the Counterclaims in the form alleged, except admit plaintiffs and defendants had an Agreement pursuant to which plaintiffs would provide professional architectural services in exchange for payment of those services at rates set forth in the Agreement of November 30, 2006.

10. Deny the truth of each and every allegation contained within paragraphs "27", "28" and "29" of the Counterclaims in the form alleged, and respectfully refer all questions of law to the Honorable Court, and respectfully refer the Honorable Court to said Agreement for all of its terms, provisions, conditions and limitations, except admit plaintiffs provided professional architectural services meeting the industry standards for professional conduct and workmanlike performance and state that plaintiffs properly incorporated design concepts into their plans and properly staffed and supervised plaintiffs' employees.

11. Deny the truth of each and every allegation contained within paragraphs "30", "31", "32", "33", "35", "36", "37" and "38" of the Counterclaims.

12. Deny the truth of each and every allegation contained within paragraph "34" of the Counterclaims, and respectfully refer the Honorable Court to said Agreement for all of its terms, provisions, conditions and limitations, and respectfully refer all questions of law to the Honorable Court.

## ANSWER TO SECOND COUNTERCLAIM
### (Professional Malpractice)

13. The responding plaintiffs repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "38" with the same force and effect as if the same were set forth in full herein in response to paragraph "39" of the Counterclaims.

14. Deny the truth of each and every allegation contained within paragraphs "40", "41" and "42" of the Counterclaims in the form alleged, and respectfully refer all questions of law to the Honorable Court, and state plaintiffs used the degree of care that architects of ordinary knowledge and skill would use under similar circumstances, provided services in a good, competent and workmanlike manner, and adequately supervised junior personnel, and state that plaintiffs' work product was consistent with appropriate professional architectural standards

in the industry.

15. Deny the truth of each and every allegation contained within paragraphs "43", "44", "45", "47" and "48" of the Counterclaims.

16. Denies the truth of each and every allegation contained within paragraph "46" of the Counterclaims in the form alleged, except admit defendants only made partial payment to plaintiffs, and defendants otherwise breached the parties' agreement by failing and refusing to make complete payment and wrongfully terminating, among others, and respectfully refer the Honorable Court to said Agreement for all of its terms, provisions, conditions and limitations, and respectfully refer all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That in the event defendants recover a verdict or judgment against the plaintiff, then said verdict or judgment must be reduced and set-off by those amounts which have been, or will, with reasonable certainty, replace or indemnify defendants in whole or in part, for any past or future claims, or economic loss, from any collateral source including but not limited to insurance, social security, workers compensation, or employee benefit programs.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If the defendants sustained any injuries or damages as

alleged in the Counterclaims, which allegations are expressly denied, then same were sustained because of the culpable conduct of a third party or parties over whom these answering plaintiffs were not obligated to exercise supervision or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the Counterclaims of the defendants fail to state a cause of action upon which relief may be granted, cognizable in equity or law, against these answering plaintiffs, and must therefore be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That any injuries or damages sustained by defendant, as alleged in the Counterclaims herein, were caused in whole or in part by the contributory negligence and/or culpable conduct and/or breaches of contract of said defendants and not as a result of any contributory negligence and/or culpable conduct and/or breaches of contract on the part of these answering plaintiffs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Counterclaims should be dismissed due to defendants' failure, upon information and belief, to mitigate damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Insofar as the Counterclaims endeavor to assert a cause of action based on breach of contract, the damages sought were not within the contemplation of the parties at the time of the

making of the contract and, further, would not naturally result from any breach.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims should be dismissed since they seek a recovery in tort for claimed damages which are pecuniary loss damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The damages claimed by defendants/counterclaimants, which are expressly denied, were not proximately caused by these plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief the defendants'/counterclaimants' claims are barred by the equitable doctrines of waiver and estoppel and accord and satisfaction.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants breached the agreement between the parties thereby suspending any further performance obligation by plaintiffs, and wrongfully terminated plaintiffs thereby rendering any further performance by plaintiffs impossible.

**WHEREFORE**, the plaintiffs, H. Thomas O'Hara Architect, PLLC, and H. Thomas O'Hara demand judgment:

  a. Dismissing the Counterclaims as against H. Thomas O'Hara Architect, PLLC, and H. Thomas O'Hara;

  b. Determining the relative culpability and rights as

between all the parties;

c. Awarding judgment over and against Defendants, in whole or in part, or in such amount as the Court may direct for any verdict or judgment which any party to this action may recover against H. Thomas O'Hara Architect, PLLC, and H. Thomas O'Hara;

d. Awarding the costs and expenses of this litigation, including attorneys' fees to the plaintiffs.

Dated:   New York, New York
         March 7, 2008

```
                              GOGICK, BYRNE & O'NEILL, LLP
                              Attorneys for Plaintiffs,
                              H. Thomas O'Hara Architect, PLLC,
                              and H. Thomas O'Hara


                        By:   /s/ Kevin J. O'Neill
                              Kevin J. O'Neill, Esq. (5113)
                              11 Broadway, Suite 1560
                              New York, New York 10004-1314
                              (212) 422-9424
```

TO:

David J. Pfeffer, Esq.
Arent Fox LLP
1675 Broadway
New York, NY  10019
Tel: 212-484-3900
Fax: 212-484-3990
Attorneys for Plaintiff

Y. David Scharf, Esq.
Alvin C. Lin, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY  10022
Tel: 212-735-8600