UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. THOMAS O'HARA ARCHITECT, PLLC and H. THOMAS O'HARA,<br><br>Plaintiffs<br><br>-against-<br><br>EXTELL WEST 45TH STREET LLC, EXTELL WEST 45TH LLC and EXTELL DEVELOPMENT COMPANY<br><br>Defendants. | Civil Action  07 CV 11224 (LAK)(JCF)<br><br>ECF CASE<br><br>**Affirmation of David Pfeffer, Esq.** |

DAVID J. PFEFFER, an attorney duly admitted to practice before the courts of the State of New York, affirms the following under penalty of perjury:

1. I am a partner with the law firm of Arent Fox, LLP, attorneys for plaintiffs, H. Thomas O'Hara Architect, PLLC and H. Thomas O'Hara ("Plaintiffs"). Plaintiffs were hired to perform architectural work on the building located at 139 West 45th Street, New York, New York (the "Project").

2. Defendants, Extell West 45th Street LLC, Extell West 45th LLC, and Extell Development Company (collectively "Defendants"), are currently developing the building pertaining to the Project.

3. I submit this Affirmation in support of Plaintiffs' motion for summary judgment for the claim of account stated.

4. Summary judgment should be granted for the account stated claim because, as discussed herein:

    (a) Plaintiffs have demonstrated with competent documentary evidence that they had established an implied account stated with Defendant based on initial payments from Defendants to Plaintiffs for invoices.

    (b) Defendants fail to deny their receipt of Plaintiff's invoices and do not allege to have objected to any invoices, but now refuse to pay them.

5. On or about November 30, 2006, Plaintiffs and Defendants entered into an agreement (the "Agreement") whereby Plaintiffs agreed to act as the licensed and registered architect for Defendants and provide, among other things, professional architectural services and prepare architectural and design documents, work product and intellectual property in connection with Defendant's Project. *See O'Hara Affidavit, Exhibit "A"*.

6. Pursuant to the Agreement, Plaintiffs were obligated to perform certain design and architectural work in exchange for a contract price of $1,200,000. Plaintiffs duly performed their obligations under the Agreement until Defendants improperly and materially breached the Agreement by, among other things, failing to pay Plaintiffs.

7. Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants did not materially breach the Agreement.

8. Defendants currently owe Plaintiff approximately $273,076.60 for the unpaid services on the Project, which Defendants accepted without objection.

9. Prior to the institution of this action, parties engaged in business transactions between them. Plaintiffs rendered to Defendants multiple Statements of Account for the services rendered.

10. Although Defendants paid initial invoices from Plaintiffs, they ceased making payments in January, 2007. *See O'Hara Affidavit, Exhibit "B".*

11. On or about December 5, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from November 1, 2006, through December 5, 2006 with a total amount due of $67,045.10. Defendants did not object to this Statement of Account.

12. On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through December 31, 2006 with a total amount due of $25,057.60. Defendants did not object to this Statement of Account.

13. On or about February 26, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from February 1, 2007, through February 28, 2007 with a total amount due of $102,992.31. Defendants did not object to this Statement of Account.

14. On or about March 30, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from March 1, 2007, through March 31, 2007 with a total amount due of $145,051.79. Defendants did not object to this Statement of Account.

15. On or about May 3, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from April 1, 2007, through May 2, 2007 with a total amount due of $273,076.60. Defendants did not object to this Statement of Account.

16. Under the Statement of Account, Defendants originally owed Plaintiffs $410,156.49, and now owe Plaintiffs in an amount to be determined at trial but not less than $273,076.60, plus interest. *See O'Hara Affidavit, Exhibit "C".*

17. Plaintiffs continued working with Defendants on the Project, at the Defendants' request, but Plaintiffs continued inquiries into the status of the invoice payments were ignored.

18. Plaintiffs were specifically asked by Defendants not to contact Gary Barnett, President of Extell Development Company, regarding invoices. Questions regarding invoices and payments were referred to an individual who failed to respond to e-mails our phone calls. *See O'Hara Affidavit, Exhibit "D".*

19. Plaintiffs have demanded that Defendants immediately pay for all work performed. *See O'Hara Affidavit, Exhibit "E".*

20. As recently as March 19, 2007, Defendants' Senior Vice President of Development, Deborah Wilen-Cohen, wrote the following to Plaintiffs:

> Gary is very pleased with sketches and numbers from this morning. Thank you all for your efforts so far. Now for the next round which we expect to see fleshed out by end of this week ....Looking forward to more.

*See O'Hara Affidavit, Exhibit "F".*

21. Defendants essentially ceased paying Plaintiffs' invoices but continued to encourage them to perform work on the Project, and continued to compliment such work. When asked about the status of Plaintiffs' invoices, Ms. Cohen responded on January 15, 2007, that:

> Your invoice dated December 2006 is being processed as we speak.
> ... Please provide a time schedule for schematic, design development, through CD's and construction.

*See O'Hara Affidavit, Exhibit "G".*

22. After the Plaintiffs' work had been substantially completed and payment became due, Defendants abruptly and unjustly terminated the Agreement for performance-based reasons.

23. On or about May 10, 2007, Gary Barnett, on behalf of Defendants, terminated the Agreement and refused to pay the owed invoices, citing that Plaintiffs' "delivery and content of the design were for the most part" deficient and not of the type that Defendants' were "prepared to pay." *See O'Hara Affidavit, Exhibit "H".*

24. Plaintiffs were given no warning of alleged deficiencies in their work, or of their impending termination, in the days leading up to the May 10, 2007 termination letter.

25. The lateness of the notice of termination deprived Plaintiffs of pay for the work they had performed in the previous months for Plaintiffs.

26. Defendants purposely represented to Plaintiffs their enthusiasm and satisfaction with Plaintiffs' work in order to keep Plaintiffs on the job, despite Defendants' intent to keep payment from Plaintiffs for that same work.

27. Defendants' claim of deficient performance on the part of Plaintiffs, of the variety they would not normally pay for, is significantly harder to believe when confronted with Defendants later actions.

28. Defendants made exact copies of Plaintiffs' original designs, including Plaintiffs' title box. Defendants then improperly transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to Defendants' second architect, other members of the Project team and third parties for, among other things, the sale of the Project. Because work had not begun to take place on the Project at the time of sale, and considering the high price listed by Defendants, it is not unreasonable to suggest that Plaintiffs' original designs were a major aspect of Defendants' marketing strategy.

29. Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants had not materially breach the Agreement.

30. Plaintiffs have established that there can be no question of fact that an account stated was established between Plaintiffs and Defendants and that Defendants never objected to Plaintiffs invoices prior to their improper termination of the Agreement.

**WHEREFORE**, the Court should (1) issue an order granting Plaintiffs' Motion for Summary Judgment; (2) enter judgment in Plaintiffs' favor on all relevant counts in Plaintiffs' Complaint; and (3) grant Plaintiffs any and all further relief, including damages and injunctive relief, as the Court deems appropriate.

Dated: June 17, 2008
New York, New York

Respectfully submitted,

Arent Fox LLP
1675 Broadway
New York, NY 10019-5874
212.484.3900

By: _____
David J. Pfeffer, Esq. (DJP-1317)
*Attorneys for Plaintiffs*
*H. Thomas O'Hara Architect, PLLC and*
*H. Thomas O'Hara*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. THOMAS O'HARA ARCHITECT, PLLC and H. THOMAS O'HARA,

        Plaintiffs

-against-

EXTELL WEST 45TH STREET LLC, EXTELL WEST 45TH LLC and EXTELL DEVELOPMENT COMPANY

        Defendants.

**Civil Action  07 CV 11224 (LAK)(JCF)**

**ECF CASE**

**STATEMENT OF FACTS**

1.    On or about November 30, 2006, Plaintiffs and Defendants entered into an agreement (the "Agreement") whereby Plaintiffs agreed to act as the licensed and registered architect for Defendants and provide, among other things, professional architectural services and prepare architectural and design documents, work product and intellectual property in connection with Defendants' major real estate development project located at 139 West 45th Street, New York, New York (the "Project"). *See Affidavit of H. Thomas O'Hara (the "O'Hara Affidavit")*.

2.    Pursuant to the Agreement, Plaintiffs were obligated to perform certain design and architectural work in exchange for a contract price of $1,200,000. Plaintiffs duly performed their obligations under the Agreement until Defendants improperly and materially breached the Agreement by, among other things, failing to pay Plaintiffs. *See the O'Hara Affidavit.*

3. Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants did not materially breach the Agreement. *See the O'Hara Affidavit.*

4. Defendants currently owe Plaintiff approximately $273,076.60 for the unpaid services on the Project, which Defendants accepted without objection. *See the O'Hara Affidavit.*

5. Prior to the institution of this action, parties engaged in business transactions between them. Plaintiffs rendered to Defendants multiple Statements of Account for the services rendered. *See the O'Hara Affidavit.*

6. On or about December 5, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from November 1, 2006, through December 5, 2006 with a total amount due of $67,045.10. Defendants did not object to this Statement of Account. *See the O'Hara Affidavit.*

7. On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through December 31, 2006 with a total amount due of $25,057.60. Defendants did not object to this Statement of Account. *See the O'Hara Affidavit.*

8. On or about February 26, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from February 1, 2007, through February 28, 2007 with a total amount due of $102,992.31. Defendants did not object to this Statement of Account. *See the O'Hara Affidavit.*

9. On or about March 30, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from March 1, 2007, through March 31, 2007 with a

total amount due of $145,051.79. Defendants did not object to this Statement of Account. *See the O'Hara Affidavit.*

10. On or about May 3, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from April 1, 2007, through May 2, 2007 with a total amount due of $273,076.60. Defendants did not object to this Statement of Account. *See the O'Hara Affidavit.*

11. Although Defendants paid initial invoices from Plaintiffs, they ceased making payments in January, 2007. *See the O'Hara Affidavit.*

12. Plaintiffs continued working with Defendants on the Project, at the Defendants' request, but Plaintiffs continued inquiries into the status of the invoice payments were ignored. Plaintiffs were specifically asked by Defendants not to contact Gary Barnett, President of Extell Development Company, regarding invoices. Questions regarding invoices and payments were referred to an individual who failed to respond to e-mails our phone calls. *See the O'Hara Affidavit.*

13. On or about May 10, 2007, Gary Barnett, on behalf of Defendants, terminated the Agreement and refused to pay the owed invoices, citing that Plaintiffs' "delivery and content of the design were for the most part" deficient and not of the type that Defendants' were "prepared to pay." However, as recently as March 19, 2007, Defendants' Senior Vice President of Development, Deborah Wilen-Cohen, wrote to Plaintiffs' that "Gary is very pleased with sketches and numbers from this morning. Thank you all for your efforts so far…Looking forward to more." *See the O'Hara Affidavit.*

14. Defendants essentially ceased paying Plaintiffs' invoices but continued to encourage them to perform work on the Project, and continued to compliment such work. After

the Plaintiffs' work had been substantially completed and payment became due, Defendants abruptly and unjustly terminated the Agreement for performance-based reasons. *See the O'Hara Affidavit.*

15. Their claim of deficient performance on the part of Plaintiffs, of the variety they would not normally pay for, is significantly harder to believe when confronted with Defendants later actions. *See the O'Hara Affidavit.*

16. Defendants made exact copies of Plaintiffs' original designs, including Plaintiffs' title box. Defendants then improperly transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to Defendants' second architect, other members of the Project team and third parties for, among other things, the sale of the Project. Because work had not begun to take place on the Project at the time of sale, and considering the high price listed by Defendants, it is not unreasonable to suggest that Plaintiffs' original designs were a major aspect of Defendants' marketing strategy. *See the O'Hara Affidavit.*

17. Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants had not materially breached the Agreement. *See the O'Hara Affidavit.*

18. Defendants have made no significant structural improvements to the Project, yet heir advertised price for the sale of the Project is significant higher than the price they purchased it for. The increased in value is entirely due to Plaintiffs' designs. *See the O'Hara Affidavit.*

19. Defendants currently owe Plaintiffs approximately $273,076.60 for the unpaid services on the Project, which Defendants accepted without objection. *See the O'Hara Affidavit.*

Dated: June 17, 2008
New York, New York

Respectfully submitted,

Arent Fox LLP
1675 Broadway
New York, NY 10019-5874
212.484.3900

By: _____
David J. Pfeffer, Esq. (DJP-1317)
*Attorneys for Plaintiffs*
*H. Thomas O'Hara Architect, PLLC and*
*H. Thomas O'Hara*