UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. THOMAS O'HARA ARCHITECT, PLLC  and H.
THOMAS O'HARA,

               Plaintiffs

             -against-

EXTELL WEST 45TH STREET LLC, EXTELL WEST
45TH LLC and EXTELL DEVELOPMENT COMPANY

              Defendants.

**Civil Action  07 CV 11224 (LAK)(JCF)**

**ECF CASE**

**AFFIDAVIT IN SUPPORT OF
SUMMARY JUDGMENT FOR
ACCOUNT STATED**

**State of New York    )**
**                    ) ss.:**
**County of New York )**

H. Thomas O'Hara, being duly sworn, deposes and says:


      1.      I am the managing member for Plaintiff H. Thomas O'Hara Architect, PLLC, and

the individual, in the above-captioned action and am fully familiar with all of the facts and

proceedings herein and submit this affidavit in support of Plaintiff's motion for a summary

judgment for account stated against Defendants Extell West 45th Street LLC, Extell West 45th

LLC and Extell Development Company (collectively the "Defendants").

2.      Pursuant to Rule 56 of the Federal Rules of Civil Procedure on the fifth cause of action, a claim for account stated, in its verified amended complaint (the "Complaint") against Defendants, Plaintiffs seek $273,076.60.

3.      On or about November 30, 2006, Plaintiffs and Defendants entered into an agreement (the "Agreement") whereby Plaintiffs agreed to act as the licensed and registered architect for Defendants and provide, among other things, professional architectural services and prepare architectural and design documents, work product and intellectual property in connection with Defendants' major real estate development project located at 139 West 45th Street, New York, New York (the "Project"). *Agreement attached hereto as Exhibit "A".*

4.      Pursuant to the Agreement, Plaintiffs were obligated to perform certain design and architectural work in exchange for a contract price of $1,200,000. Plaintiffs duly performed their obligations under the Agreement until Defendants improperly and materially breached the Agreement by, among other things, failing to pay Plaintiffs.

5.      Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants did not materially breach the Agreement.  Of the total work performed by Plaintiffs for Defendants, only a portion has been paid. Defendants still owe Plaintiffs $273,076.60 for work performed.

6.      Defendants currently owe Plaintiff approximately $273,076.60 for the unpaid services on the Project, which Defendants accepted without objection. Defendants, in fact, encouraged Plaintiffs to continue performing the work.

7.      Prior to the institution of this action, parties engaged in business transactions

between them. Plaintiffs rendered to Defendants multiple Statements of Account for the services rendered.

8.      Although Defendants paid initial invoices from Plaintiffs, they ceased making payments in January, 2007. *Payment attached hereto as Exhibit "B".*

9.      On or about December 5, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from November 1, 2006, through December 5, 2006 with a total amount due of $67,045.10. Defendants did not object to this Statement of Account.

10.     On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through December 31, 2006 with a total amount due of $25,057.60. Defendants did not object to this Statement of Account.

11.     On or about February 26, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from February 1, 2007, through February 28, 2007 with a total amount due of $102,992.31. Defendants did not object to this Statement of Account.

12.     On or about March 30, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from March 1, 2007, through March 31, 2007 with a total amount due of $145,051.79. Defendants did not object to this Statement of Account.

13.     On or about May 3, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from April 1, 2007, through May 2, 2007 with a total amount due of $273,076.60. Defendants did not object to this Statement of Account. *Invoices attached hereto as Exhibit "C".*

14.     Under the Statement of Account, Defendants originally owed Plaintiffs $410,156.49, and now owe Plaintiffs in an amount to be determined at trial but not less than $273,076.60, plus interest.

15.     Defendants continually represented to Plaintiffs that Defendants would pay for labor provided.

16.     Plaintiffs continued working with Defendants on the Project, at the Defendants' request, but Plaintiffs continued inquiries into the status of the invoice payments were either ignored or met with promises of eventual payment.

17.     Plaintiffs were specifically asked by Defendants not to contact Gary Barnett, President of Extell Development Company, regarding invoices. Questions regarding invoices and payments were referred to an individual who failed to respond to e-mails our phone calls. *E-mail attached hereto as Exhibit "D".*

18.     Plaintiffs have demanded that Defendants immediately pay all invoices for work performed. *O'Hara Letter attached hereto as Exhibit "E".*

19.     As recently as March 19, 2007, Defendants' Senior Vice President of Development, Deborah Wilen-Cohen, wrote the following to Plaintiffs:

> Gary is very pleased with sketches and numbers from this morning. Thank you all for your efforts so far. Now for the next round which we expect to see fleshed out by end of this week ....Looking forward to more.
>
> *See O'Hara Affidavit, Exhibit "F".*

20.     Defendants essentially ceased paying Plaintiffs' invoices but continued to encourage them to perform work on the Project, and continued to compliment such work. When asked about the status of Plaintiffs' invoices, Ms. Cohen responded on January 15, 2007, that:

> Your invoice dated December 2006 is being processed as we speak.
> ... Please provide a time schedule for schematic, design development, through CD's and construction.
>
> *See O'Hara Affidavit, Exhibit "G".*

21.     After the Plaintiffs' work had been substantially completed and payment became due, Defendants abruptly and unjustly terminated the Agreement for performance-based reasons.

22.     On or about May 10, 2007, Gary Barnett, on behalf of Defendants, terminated the Agreement and refused to pay the owed invoices, citing that Plaintiffs' "delivery and content of the design were for the most part" deficient and not of the type that Defendants' were "prepared to pay." *Barnett Letter attached here to as Exhibit "H"*.

23.     Plaintiffs were given no warning that they were about to be terminated, or that their work was deficient, in the days leading up to the May 10, 2007 termination letter.

24.     The lateness of Defendants' termination granted them the benefit of Plaintiffs' work without having to pay for it.

25.     Defendants purposely represented to Plaintiffs their enthusiasm and satisfaction with Plaintiffs' work in order to keep Plaintiffs on the job, despite Defendants' intent to keep payment from Plaintiffs for that very work.

26.     Defendants' claim of deficient performance on the part of Plaintiffs, of the variety they would not normally pay for, is significantly harder to believe when confronted with Defendants later actions.

27.     Defendants made exact copies of Plaintiffs' original designs, including Plaintiffs' title box. Defendants then improperly transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright Act, to Defendants' second architect, other members of the Project team and third parties for, among other things, the sale of the Project. Because work had not begun to take place on the Project at the time of sale, and considering the high price listed by Defendants, it is not unreasonable to suggest that Plaintiffs' original designs were a major aspect of Defendants' marketing strategy.

28.     By reason of the foregoing and pursuant to the Motion for Summary Judgment in this action, I respectfully request that Defendants be ordered to pay $273,076.60 plus interest for services rendered and not paid for.

29.     Based on all of the foregoing, it has been established that Plaintiffs have a meritorious cause of action for summary judgment on the account stated claim of the Complaint.

30.     Although there is, pending in this Court, litigation among Plaintiffs and Defendants, no previous application has been made for the relief requested herein.

**WHEREFORE**, on the fourth cause of action of the Complaint, for a claim of Account Stated, Plaintiffs are entitled to damages equal to the sum of $273,076.60 plus appropriate interest on such damages together with reasonable attorneys' fees and the costs of this action.

Dated: New York, New York
      June 16, 2008

                                                H. Thomas O'Hara

Sworn to before me this
16th day of June 2008

_____
          Notary Public

          YENA HUANG
NOTARY PUBLIC-STATE OF NEW YORK
      No. 01HU6145819
    Qualified in Queens County
My Commission Expires May 18, 2010

# H. THOMAS O'HARA

ARCHITECT, PLLC        135 West 36th Street, New York, NY 10018
www.hto-architect.com    212 695 3117   212 695 3118 : fax

November 30, 2006

Mr. Gary Barnett                                                    cc: Deborah Cohen
Extell West 45th Street, LLC
800 Third Avenue, 4th Floor
New York, NY 10022

Re: 139 West 45th Street

Dear Mr. Barnett:

Thank you for presenting H. Thomas O'Hara, Architect, PLLC with the opportunity to work on the above referenced project. We are pleased to submit to you a base architectural fee proposal of $1,200,000.00.

For this fee we will provide the following architectural services:

## I.    Schematic Design Phase

Prepare preliminary programmatic and schematic space planning options locating all interior architectural elements. This is to include the preparation of a zoning package and exterior envelope, apartment blocking diagrams, stacking diagrams, location of general circulation, layout of the programmatic space adjacencies, furniture locations, as well as drawings that will enable the preliminary visualization of the important areas of the proposed design.

- Preliminary drawings to be at 1/8"=1'-0" scale.
- Aid the owner in assembling the required consultants.
- Determine the preliminary project cost based upon a mutually agreed construction standard.
- Identify finishes being considered for the interior spaces.
- Present Preliminary Schematic Plan Options for approval.

## II.    Design Development Phase

Based on the approved Schematic Design documents, and any adjustments authorized by the Owner in the program or project budget, prepare for approval of the owner a set of Design Development documents. These shall consist of drawings and other documents that fix and describe the size, character, and design of the entire project.

- Floor plans to be at 1/4"=1'-0" scale.
- Develop typical bathroom and kitchen elevations and details.
- Prepare design development presentation for client's approval including plans, ceiling, special elevations.
- Provide necessary documents to owner's financing sources. (eg. Area breakdown, unit mix, etc. in the format required).

## III.    Construction Document Phase

Based on the approved Design Development documents and any further adjustments in the scope or quality of the project or in the project budget authorized by the owner, prepare for the owner a set of Construction Documents. These documents shall consist of drawings and specifications that set forth in detail the requirements for the construction of the Project. Construction documents are to conform to local building codes and construction methods. Drawings will contain:

- Floor Plans at 1/4"=1'-0" scale.
- Elevations and sections, as may be required.
- Details of Millwork and Special Items.
- Door and Finish Schedules and Details.



- Coordinate architectural drawings with MEP & Structural drawings.

IV.    Construction Administration Phase

Review and approve or take other appropriate action upon Contractor's submittals such as shop drawings, product data, and samples, but only for the limited purpose of checking for conformance with information given and the design concept expressed in the construction documents. In conjunction with Exterior Consultant provide regular reports of site inspections where appropriate and track non-compliant and/or non-conforming work.

Job Meetings

The architect shall attend job meetings on a weekly basis through each phase of the project unless directed not to do so by the owner.

Compensation (% of Fee)

| | |
|---|---|
| Retainer | 5% |
| Schematic Design | 15% |
| Design Development | 20% |
| Construction Documents | 35% |
| Construction Administration | 25% |
| | 100% |

Additional Fees, Reimbursable Expenses, and Additional Services (at cost)

All items in the list below are to be billed as additional fees:

| | |
|---|---|
| Interior Design (kitchen, bathrooms, lobby, corridors): | $75,000.00 |
| Offering Plan | $35,000.00 |
| Tax Lot Drawing | $25,000.00 |
| Attendance at meetings beyond the required job meetings | |
| Landscape architect | |
| MEP/IT engineering | |
| Structural engineering | |
| Geotechnical engineering | |
| Exterior wall/window consultant | |
| Elevator consultant | |
| Architectural Survey of the lot and existing buildings | |
| Asbestos investigation and report | |
| All filings and approvals with government agencies having jurisdiction | |
| All contractor & sub-contractor background disks (files can be posted to our ftp site free of charge) | |
| Building department expeditor | |
| Acoustical design consultant | |
| Renderer (except for preliminary rendering mentioned above) | |
| Model maker | |
| F F & E | |

*All items in the list below are to be billed at cost as reimbursable expenses:*

    Blueprints / reproductions
    Plotting costs
    Transportation, lodging, and associated expenses
    Long distance faxes and communication
    Same day delivery messenger service
    Overnight messenger service
    Photographic film/developing

*Additional Services are billed per hour with prior written approval as follows:*

| | |
|---|---|
| Principal | $450.00 |
| Senior Associate | $275.00 |
| Associate | $230.00 |
| Senior Project Manager | $160.00 |
| Project Manager | $135.00 |
| Senior Architect/Interior Designer | $110.00 |
| Architect/Interior Designer | $ 95.00 |
| Architectural Intern | $ 65.00 |

We require a retainer of $60,000.00 to commence work that is to be credited at the beginning of the construction administration phase. The amount paid to date will be applied to the fee. Invoices will be submitted monthly, based on work completed for fees and accumulated reimbursable expenses. Monthly payments will be due within 30 days. The terms and conditions of this proposal are valid if the document is counter-signed and returned within thirty (30) days of this date. All marketing material to contain Architect's logo and address.

Yours truly,

H. Thomas O'Hara, Jr., AIA

Accepted client:_____Date:_____



Extell West 45th Street LLC

| DATE | INVOICE NO | DESCRIPTION | INVOICE AMOUNT |
|---|---|---|---|
| 12/29/06 | 6379 | Prof Svcs-12/6-12/31/06 | 112079.89 |

504

H. Thomas O'Hara Architect    112079.89

TOTAL >    112079.89

PLEASE DETACH AND RETAIN FOR YOUR RECORDS

CHECK DATE: 1/31/07    CHECK NUMBER: 1161

Hold

0631

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

Extell West 45th Street LLC
9410 Bunsen Parkway
Suite 350
Louisville, KY 40220

North Fork Bank
Private Banking 811
New York, NY 10017

CHECK NO.
1161

DATE
January 31, 2007

AMOUNT
$*****112,079.89

Pay: *********One hundred twelve thousand seventy-nine dollars and 89 cents

PAY
TO THE
ORDER OF    H. Thomas O'Hara Architect
135 West 36th Street
New York, NY 10018

⑈"00000116⑈" ⑈:021407912⑈: 30⑈4⑈"0032⑈9⑈"

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK—HOLD AT AN ANGLE TO VIEW

H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

Invoice# 6333                                           December 5, 2006

to:   Ms. Deborah Cohen                          cc: Mr. Gary Barnett
      Extell West 45th Street LLC
      800 Third Avenue, 4th Floor
      New York, NY 10022

project # 0634         00    139 West 45th Street

For Professional Services from 11/1/06 through 12/5/06 and Reimbursable Expenses

summary

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $35,000.00 | $25,000.00 | $0.00 | $35,000.00 |
| Schematic Design | 15% | $180,000.00 | 15.0% | $27,000.00 | $27,000.00 | $0.00 | $0.00 | $27,000.00 |
| Design Development | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 7.3% | $87,000.00 | $62,000.00 | $25,000.00 | $0.00 | $62,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $4,987.50 | $4,987.50 | $0.00 | $0.00 | $4,987.50 |
| Reimbursables | | | | $57.60 | $57.60 | $0.00 | $0.00 | $57.60 |

|  |  |
|---|---|
| | $67,045.10 | Retainer on Account: | 25,000.00 |
| Less Retainer Applied This Period | $0.00 | Total Retainer Applied | - |
| Due This Period | $67,045.10 | | |

TOTAL DUE    $67,045.10

Hourly:

| | Hours | | Rate | | |
|---|---|---|---|---|---|
| 0345   01 | City Planning | | | | |
| Priya Elliott | 12.50 | x | $275.00 | = | $3,437.50 |
| Frank Demmerle | 4.00 | x | $230.00 | = | $920.00 |
| Scott Franklin | 7.00 | x | $90.00 | = | $630.00 |
| | | | | | $4,987.50 |

reimbursable expenses:

| Blueprinting/Plotting | $57.60 |
|---|---|
| | $57.60 |



# H. THOMAS O'HARA

ARCHITECT, PLLC          135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

Invoice#   6386                                                                December 29, 2006

to:    Ms. Deborah Cohen                                      cc: Mr. Gary Barnett
Extell West 45th Street LLC
800 Third Avenue, 4th Floor
New York, NY 10022

project #   0634      00     139 West 45th Street

### For Professional Services from 12/6/06 through 12/31/06 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $25,000.00 | $35,000.00 | $0.00 | $25,000.00 |
| Schematic Design | 15% | $180,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Design Development | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 5.0% | $60,000.00 | $25,000.00 | $35,000.00 | $0.00 | $25,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $0.00 | $0.00 | $0.00 | $4,987.50 | $0.00 |
| Reimbursables | | | | $0.00 | $0.00 | $0.00 | $57.60 | $57.60 |

|  |  |
|---|---|
| | $25,000.00 |
| Less Retainer Applied This Period | $0.00 |
| Due This Period | $25,000.00 |

| Retainer on Account: | 25,000.00 |
|---|---|
| Total Retainer Applied | - |

| TOTAL DUE | $25,057.60 |
|---|---|

H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

Invoice#   6379                                                        December 29, 2006

to:   Ms. Deborah Cohen                                   cc: Mr. Gary Barnett
      Extell West 45th Street LLC
      800 Third Avenue, 4th Floor
      New York, NY 10022

project #   0634        00    139 West 45th Street

### For Professional Services from 12/6/06 through 12/31/06 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $25,000.00 | $35,000.00 | $35,000.00 |
| Schematic Design | 15% | $180,000.00 | 40.0% | $72,000.00 | $45,000.00 | $0.00 | $27,000.00 | $72,000.00 |
| Design Development | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 11.0% | $132,000.00 | $45,000.00 | $25,000.00 | $62,000.00 | $107,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | | $4,987.50 | $0.00 | $0.00 | $4,987.50 | $4,987.50 |
| Reimbursables | | | | $92.39 | $34.79 | $0.00 | $57.60 | $92.39 |

|  |  |  |  |
|---|---|---|---|
|  | $45,034.79 | Retainer on Account: | 25,000.00 |
| Less Retainer Applied This Period | $0.00 | Total Retainer Applied | - |
| Due This Period | $45,034.79 | | |

|  |  |
|---|---|
| TOTAL DUE | $112,079.89 |

reimbursable expenses:

|  |  |
|---|---|
| Blueprinting/Plotting | $12.84 |
| Messengers | $21.95 |
|  | $34.79 |

H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117    212 695 3118 : fax

Invoice# 7042R                                            February 26, 2007

to:    Ms. Deborah Cohen                        cc: Mr. Gary Barnett
       Extell West 45th Street LLC
       805 Third Avenue, 7th Floor
       New York, NY 10022

project #   0634        00      139 West 45th Street

### For Professional Services from 2/1/07 through 2/28/07 and Reimbursable Expenses

summary:

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $60,000.00 | $0.00 | $0.00 |
| Schematic Design | 15% | $180,000.00 | 75.0% | $135,000.00 | $36,000.00 | $72,000.00 | $27,000.00 | $63,000.00 |
| Design Development | 20% | $240,000.00 | 10.0% | $24,000.00 | $24,000.00 | $0.00 | $0.00 | $24,000.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 18.3% | $219,000.00 | $60,000.00 | $132,000.00 | $27,000.00 | $87,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City Planning | | Hourly | · | $20,506.25 | $15,518.75 | $4,987.50 | $0.00 | $15,518.75 |
| Reimbursables | | | | $565.95 | $296.56 | $92.39 | $177.00 | $473.56 |

|  |  |
|---|---|
| | $75,815.31 |
| Less Retainer Applied This Period | $0.00 |
| Due This Period | $75,815.31 |

Retainer on Account:    25,000.00
Total Retainer Applied    -

| TOTAL DUE | $102,992.31 |
|---|---|

Hourly

| 0345   01 | Hours City Planning | | Rate | | |
|---|---|---|---|---|---|
| Priya Elliott | 26.25 | x | $275.00 | = | $7,218.75 |
| Frank Demmerle | 22.00 | x | $230.00 | = | $5,060.00 |
| Priscila Wiener | 36.00 | x | $90.00 | = | $3,240.00 |
| | | | | | $15,518.75 |

reimbursable expenses:

| Local Travel | $288.61 |
|---|---|
| Messengers | $7.95 |
| | $296.56 |

H. THOMAS O'HARA

ARCHITECT, PLLC     135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

*Invoice #*   7086

March 30, 2007

*to:*   Ms. Deborah Cohen
Extell West 45th Street LLC
805 Third Avenue, 7th Floor
New York, NY 10022

*project #*   0634        00    139 West 45th Street

### For Professional Services from 3/1/07 through 3/31/07 and Reimbursable Expenses

*summary:*

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior | Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $60,000.00 | | $0.00 | $0.00 |
| Schematic Design | 15% | $180,000.00 | 85.0% | $153,000.00 | $18,000.00 | $72,000.00 | $63,000.00 | | $81,000.00 |
| Design Development | 20% | $240,000.00 | 20.0% | $48,000.00 | $24,000.00 | $0.00 | $24,000.00 | | $48,000.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 21.8% | $261,000.00 | $42,000.00 | $132,000.00 | $87,000.00 | | $129,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 |
| City Planning | | Hourly | | $20,506.25 | $0.00 | $4,987.50 | $15,518.75 | | $15,518.75 |
| Reimbursables | | | | $625.43 | $59.48 | $92.39 | $473.56 | | $533.04 |

|  | |
|---|---|
| | $42,059.48 |
| Less Retainer Applied This Period | $0.00 |
| Due This Period | $42,059.48 |

Retainer on Account:    25,000.00
Total Retainer Applied    -

**TOTAL DUE UPON RECEIPT**    $145,051.79

*reimbursable expenses:*

Blueprinting/Plotting    $59.48
$59.48

H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117    212 695 5118 : fax

*Invoice#*    7140

May 3, 2007
DUE ON RECEIPT

*to:*    Mr. Gary Barnett                                          cc: Hepzi Schechter
Extell West 45th Street LLC
805 Third Avenue, 7th Floor
New York, NY 10022

*project #*    0634        00    139 West 45th Street

### For Professional Services from 4/1/07 through 5/2/07 and Reimbursable Expenses

*summary:*

| Phase | % of Fee | Fee | Percentage of Completion | Fee Amount Complete | Due this Invoice | Paid To Date (Incl Retainer) | Prior | Outstanding | Total Due |
|---|---|---|---|---|---|---|---|---|---|
| Retainer | 5% | $60,000.00 | 100.0% | $60,000.00 | $0.00 | $60,000.00 | | $0.00 | $0.00 |
| Schematic Design | 15% | $180,000.00 | 100.0% | $180,000.00 | $27,000.00 | $72,000.00 | | $81,000.00 | $108,000.00 |
| Design Development | 20% | $240,000.00 | 60.0% | $144,000.00 | $96,000.00 | $0.00 | | $48,000.00 | $144,000.00 |
| Construction Documents | 40% | $480,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| Construction Administration | 20% | $240,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| TOTAL FEE | 100% | $1,200,000.00 | 32.0% | $384,000.00 | $123,000.00 | $132,000.00 | | $129,000.00 | $252,000.00 |
| Interior Design | | $55,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| Condominium Declaration | | $25,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| Tax Lots | | $22,000.00 | 0.0% | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| City Planning | | Hourly | | $24,596.25 | $4,090.00 | $4,987.50 | | $15,518.75 | $19,608.75 |
| Reimbursables | | | | $1,560.24 | $934.81 | $92.39 | | $533.04 | $1,467.85 |

Due This Invoice  $128,024.81

TOTAL DUE    $273,076.60

Hourly                    0345   01           Hours            Rate
                                         City Planning
                          H. Thomas O'Hara     10.00     x     $400.00     =     $4,000.00
                          Priscila Wiener       1.00     x      $90.00     =        $90.00
                                                                                  $4,090.00

*reimbursable expenses:*

Blueprinting/Plotting          $85.74
Federal Express                $54.92
Local Travel                  $661.80
Messengers                    $132.35
                              $934.81

25 | 142

## Priya Jadhav

| | |
|---|---|
| **From:** | Cohen, Deborah [dcohen@extelldev.com] |
| **Sent:** | Thursday, April 05, 2007 11:30 AM |
| **To:** | peter@hto-architect.com |
| **Cc:** | priya@hto-architect.com; Schechter, Hepzi |
| **Subject:** | Re: West 45th St |

HTO architects-

Please remove Gary Barnett's email address from these and all other billing notices.

Thank you.


Deborah Wilen-Cohen, R.A.
Senior Vice President Development
EXTELL Development Company
805 Third Avenue  7th Floor
New York, New York  10022
t.646.519.6023
c.646.823.7256
dcohen@extelldev.com

Blackberry

----- Original Message -----
From: Peter Pascarella <peter@hto-architect.com>
To: Barnett, Gary; Cohen, Deborah
Cc: priya@hto-architect.com <priya@hto-architect.com>
Sent: Tue Apr 03 17:21:40 2007
Subject: West 45th St

Attached please find our invoice, number 7086, for the above project. The
original with supporting backup has been mailed.

Peter J. Pascarella
Controller

H. THOMAS O'HARA

ARCHITECT, PLLC    135 West 36th Street, New York, NY 10018
212 695 3117   212 695 3118 : fax

May 17, 2007

Mr. Gary Barnett, President
Extell Development Company
805 Third Avenue, 7th Floor
New York, NY 10022

Dear Gary:

In response to your letter sent on May 10th, 2007, I want to assure you that I also regard you as an individual and mirror your sentiments of personal respect. When it comes to our professional relationship, however, I must completely disagree with all of the allegations that you made in your letter of May 10, 2007, which completely lack any coherence of truth.

As you are aware, building design is an involved process of evolution that combines both client direction and architectural creation. As I have stated to you on several occasions in regard to this development, your in-house team, contrary to your claim of their responsibility for the project's progression, has, in fact, repeatedly proven to be extremely detrimental to its successfully moving forward. It is directly with them that you should take up any grievances with which you have attempted to fault us.

Your in-house team is unfortunately quite inexperienced in the workings of building design. To begin with, there was never a certain decision maker in the group. We would always be directed to perform in a certain way. Then, after having spent an inordinate amount of time producing the work, we would be informed by your team that after having met with you, their previous decision had been overruled. We would then be asked to pursue a new scheme. I can recall several frustrating repeated instances when we would request for an absolute decision and be given the same response: "We need to check with Gary." Due to improper coordination amongst the EDC team, the issues were either never resolved or would require a tremendous amount of back-pedaling. Ironically, this most often resulted in what we, as the architect, had suggested to begin with.

Secondly, there has been a constant state of fluctuation amongst your development team. We had been asking repeatedly for months for structural and MEP consultants to be immediately brought on board as the layouts were being finalized. The reason for this, as we were, or any experienced development team would be, fully aware, was based on the slenderness ratio of the building and of the structural and MEP impact on layouts. After numerous requests, the team was finally hired, and, sure enough, as we had repeatedly made clear to you, the layouts were impacted. Please note that this was starkly obvious and not surprising; however, the EDC team then wanted to revisit the *whole* design after being satisfied with the layouts and unit mix prior to structure.

Not once did HTO take issue with the EDC team's revisions. Rather, always being the team players that we are, we put forward our best efforts to meet the various renditions that were requested by the development team throughout the design process. To be quite frank, we were the only part of the design team that had any sort of coherent drawings. To make matters further complicated, the building was altered from its initial design as being completely residential to becoming a combination residential/hotel structure. Brian Howells was then brought on board as an equity partner and seemed to be driving the whole process rather than the EDC team. While Brian had some good feedback to offer, he seemed, for the most part, to be operating as a frustrated architect.

Additionally, your partner on this venture, the ICH group, was never a full participant in the process. It was crucial that that they be a full participant if there was to be a successful building design. Our phone calls and e-mails were never responded to. Every single meeting that we attended each week was like starting at square one because of the incompetence and rudimentary knowledge of the EDC team. There was never any coordination concerning design

issues between EDC and ICH. Needless to say, this requirement had to have been fulfilled in order to provide us with what the needs of the program were. In the absence of rudimentary coordination between your partner and your in-house design team, it was impossible for us to understand precisely what you required.

Several times, Brian would be making decisions for the hotel in their absence only to be overruled by ICH when they finally got around to looking at the drawings. To say that your team is the only party that had the design initiative is grossly inaccurate because it was during our meetings that EDC and ICH would literally work out the design needs. Constantly, we were told by EDC not to incorporate the hotel's requirements because the intent was to use PTAC units as designed. Then, one day, out of nowhere, we are asked to switch to vertical heat pumps and expected not to skip a beat.

Furthermore, the kitchen linear footage was given to us by EDC's director of design and when we drew them up (much against our design judgment) your design director himself admitted that they were way over-sized. Your statement in your letter that this request was ignored is utterly false, as we even had a meeting regarding preliminary kitchen design finishes and appliances in our office with your design team present. In fact, at one point we were even told that the kitchens could be fine tuned later on, as was clear by the grossly oversized linear feet.

We have a varied portfolio of successful projects and absolutely cannot accept that the lack of experience on the part of the EDC team should be attributed to our performance. The HTO team on the job is highly qualified and seasoned in every respect. The lack of a unified "client voice," decentralized decision making process, and constant stream of inconsistent EDC development team fluctuations regarding this project have brought us to this juncture.

With regards to the 421a tax rebate program, please note that it was only HTO that stated time and time again that decisions must be made so we could pursue the abatement in a timely fashion. The response of the EDC team was that they were aware of it and would try and get decisions from ICH in order for all of us to be able to move forward. Unfortunately, the EDC/ICH team was never cognizant of the "big picture" and spent an inordinate amount of time on petty minor issues. Instead of making a natural progression from macro to micro, they operated in a reverse fashion and did not manage to get much accomplished. We are not responsible for any delays of any sort. The fault lies entirely with your team.

Gary, it is absurd that we are in this situation. We have been continually attentive to this project for the past three years. We even met with the restaurant tenant to go through his requirements and spent exhaustive amounts of time and effort designing the space, even though this was not within our scope. I am sure Dov Hertz in your organization will attest to our diligence. The CPC process, which is another key factor, received our full attention. Kramer Levin will be in complete agreement that HTO was nothing but a positive influence in moving the process along at CPC. The last three months of work HTO has put in goes way above and beyond our scope of obligations or requirements. We presented varied design schemes in response to EDC's request just to, "see what it looks like." To date, we never received a complete structural set of drawings to intelligently evaluate the design: it was always piece meal.

Our invoices have not been paid since January. We repeatedly requested payment and were specifically asked not to copy you or call you regarding the invoice; however, the EDC person in charge never returned our emails or phone calls. As you will see, our invoice is against the work we have already done. There is no ambiguity in that.

It has been a tedious process thus far. I request that you honor your obligation to us and remit our invoice so we can both move forward.

Sincerely,


Tom O'Hara
Managing Member

Arent Fox LLP / New York, NY / Washington, DC / Los Angeles, CA

# Arent Fox

November 19, 2007

BY FACSIMILE, E-MAIL AND CERTIFIED MAIL, RRR

David J. Pfeffer
Attorney
212.484.3948 DIRECT
212.484.3990 FAX
pfeffer.david@arentfox.com

Ahuva Genack, Esq.
Extell West 45th Street LLC
Extell Development Company
800 Third Avenue
New York, New York 10022

Dear Ahuva:

As you know, I represent H. Thomas O'Hara Architect, PLLC ("O'Hara") with regard to the 139 West 45th Street, New York, New York project (the "Project") and an outstanding balance due O'Hara in the sum of $273,076.60, plus interest from May 3, 2007 and his continuing demands for such payment. While I have been attempting to resolve this matter with you in good faith for the last six weeks, I am concerned that Extell West 45th Street LLC and Extell Development Company (collectively "Extell") do not have any intention on resolving this matter on amicable terms. As such, it is both unfortunate and regrettable that I must now write this letter to you as, I believe, Extell is in the process of selling its interest in the Project.

As discussed during our last telephone conference, upon our review of the Project documents, including those filed with the New York City Department of Buildings, it appears that O'Hara's documents, work product and intellectual property contained therein are continuing to be used by Extell and its employees, agents and consultants to develop the Project. Of particular concern, it also appears that O'Hara's intellectual property and work product have been improperly copied by Extell and its agents and its consultants in violation of Federal Copyright law and Federal and New York State intellectual property law. Indeed, such copied information appears to have been filed with the New York City Department of Buildings to acquire and keep a building permit and otherwise continue to develop the Project.

Pursuant to the United States Copyright Act and Federal and New York State intellectual property law, we hereby demand the immediate return of all original *and copies* of all documents, information, work product and intellectual property prepared by O'Hara. We also demand the immediate return of all such documents that contain O'Hara's intellectual property, even if placed on someone else's document, such as the title block of another design professional.

NYC/358099.1
SMART IN YOUR WORLD®

1675 Broadway
New York, NY 10019-5820
T 212.484.3900   F 212.484.3990

1050 Connecticut Avenue, NW
Washington, DC 20036-5339
T 202.857.6000   F 202.857.6395

445 S. Figueroa Street, Suite 3750
Los Angeles, CA 90071-1601
T 213.629.7400   F 213.629.7401

Ahuva Genack, Esq.
November 19, 2007
Page 2

# Arent Fox

Should we not receive all such documents and work product, including all copied information and documents, by the close of business today, we will have no choice but to take necessary action in order to protect O'Hara's interest in its intellectual property. Please advise Extell's employees, agents, consultants and any prospective purchasers of O'Hara's claims raised herein.

Additionally, since it is important that we protect O'Hara's work product from unlawful copying and infringement, and since we do not know all of the individuals and entities that received O'Hara's work product through Extell transmissions, please provide me with a list of all of the names and addresses, including, but not limited to, Extell's employees, agents, consultants and prospective purchasers of the Project, that may have received O'Hara's documents and work product. We hope that you will comply with this reasonably request so that we can ensure that O'Hara's documents, work product and intellectual property are protected from possible infringement.

Of course, should you wish to pay or attempt to resolve O'Hara's outstanding fees, please call me immediately so that I know where we stand by 10:30 this morning.

Thank you.

Very truly yours,

David J. Pfeffer

cc:    H. Thomas O'Hara

48 of 142

**Priya Jadhav**

| | |
|---|---|
| From: | Cohen, Deborah [dcohen@extelldev.com] |
| Sent: | Monday, March 19, 2007 2:10 PM |
| To: | H. Thomas O'Hara; priya@hto-architect.com; Priscila Wiener; bsh376@comcast.net; arahimian@wspcs.com; Chan, Patrick; bienstock@icorassociates.com |
| Cc: | Voogd, Eric (IHG); Kim, Roy; Arzano, Louis |
| Subject: | 135w45 Teamwork |

Gary is very pleased with sketches and numbers from this morning.  Thank you all for your efforts so far.  Now for the next round which we expect to see fleshed out by end of this week, including structural and MEP:

- Keep structural at its minimum while remembering we have an opportunity for significant signage.
- Show MEP vertical heat pumps - not PTAC's as assumed earlier.
- Bring ground floor exit corridor down through cellar level and back up near sidewalk so it does not cut off lobby front and rear.
- Consider rearranging lobby level restrooms and storage or moving north for more generous lobby feel.
- Complete apartment layouts & PH layouts
- Show door at entry to hotel keys 1 & 2 for potential suite.  Same for 3&4.
- Shorten corridors on residential floors as discussed.
- When completing apt layouts on uppermost floors shift stairwell additional foot if gains to room layout are significant
- Show furniture layouts (please keep FF&E a light line weight)

Looking forward to more.

Deborah Wilen-Cohen, R.A.
Senior Vice President Development
EXTELL Development Company
805 Third Avenue   7th Floor
New York, New York  10022
t. 646.519.6023
c.646.823.7256
dcohen@extelldev.com

**Priscila Weiner**

From:                    priya@hto-architect.com
Sent:                    Thursday, March 08, 2007 6:53 PM
To:                      Deborah Wilen Cohen
Cc:                      Priscila Weiner; bsh376@comcast.net; Kim, Roy; arahimian@wspcs.com
Subject:                 Re: 135w45


We will see you at 11 45 at my office. I have until 12 30 and then have to leave for a
site meeting.
See you tomorrow.
Thanks
Priya Jadhav

H. Thomas O'Hara, Architect, PLLC
135 West 36th Street
New York, NY 10018
Tel: 212-695-3117  Ext:302
Fax: 646-278-0698
priya@hto-architect.com

-----Original Message-----
From: "Cohen, Deborah" <dcohen@extelldev.com>
Date: Thu, 8 Mar 2007 13:05:13
To:<priya@hto-architect.com>
Cc:<priscila@hto-architect.com>, <bsh376@comcast.net>,          "Kim, Roy"
<rkim@extelldev.com>, <arahimian@wspcs.com>
Subject: 135w45

Brian and I are available tomorrow noon to meet & review revised option 3.

  Let us not forget that Gary was happy with HTO's first scheme until first round of
structural was dropped in.  To give this all a fair shake, and perhaps NOT have to go back
to square one, we must present these new schemes alongside that originally approved-by-
Gary-layout with realistic and minimal structural heft.

Deborah Wilen-Cohen, R.A.
Owner's Representative
EXTELL Development Company
805 Third Avenue    7th Floor
New York,  New York  10022
t.646.519.6023
c.646.823.7256
dcohen@extelldev.com

Blackberry

## Priya Jadhav

| From: | Cohen, Deborah [dcohen@extelldev.com] |
|---|---|
| Sent: | Wednesday, March 21, 2007 7:59 AM |
| To: | bienstock@icorassociates.com; priscila@hto-architect.com; tom@hto-architect.com |
| Cc: | arahimian@wspcs.com; pchan@wspcs.com; bsh376@comcast.net; Arzano, Louis; priya@hto-architect.com |
| Subject: | Re: 135 west 45th Street-layouts |

Looking forward to making a real building out of our new and improved design strategy.
See you all tomorrow as usual 11:30 Thursday @ Extell.
Thank you.


Deborah Wilen-Cohen, R.A.
Senior Vice President Development
EXTELL Development Company
805 Third Avenue   7th Floor
New York, New York  10022
t.646.519.6023
c.646.823.7256
dcohen@extelldev.com

Blackberry

----- Original Message -----
From: Igor Bienstock <Bienstock@ICORAssociates.com>
To: Priscila Wiener <priscila@hto-architect.com>; Cohen, Deborah
Cc: arahimian@wspcs.com <arahimian@wspcs.com>; pchan@wspcs.com <pchan@wspcs.com>; bsh376@comcast.net
<bsh376@comcast.net>; Arzano, Louis; priya@hto-architect.com <priya@hto-architect.com>
Sent: Tue Mar 20 19:02:40 2007
Subject: RE: 135 west 45th Street-layouts

We reviewed architectural sketches for scheme #6.

All major mechanical spaces in cellar are accounted for.

We will have to make modifications for larger cooling tower, but there is roof terrace which can be used for mechanical
equipment.

In sub –cellar we will need approximately 1500 sf.

Typical floors will require more time to locate all shafts and Heat Pump units, but it appears that there are spaces already
allocated for major shafts.

As we are developing spaces we need to address floor to floor heights at the same time.

Is there a meeting this Thursday? It would be helpful to discuss the process for moving to the next level of integration of
MEP spaces.




Igor Bienstock, P.E. , LEED AP

Cohen, Deborah, 01:19 PM 1/15/2007, RE: Extell's 135w45

Hello Tom.

Your invoice dated December 2006 is being processed as we speak.  As is the norm, retainer is credited toward future work.

Please provide a time schedule for schematic, design development, through CD's and construction.  I know schedule is still a bit of a moving target but lets get it on paper.  For tax purposes,  foundations MUST be in the ground before the end of 2007.

When is HTO available for owner/architects weekly meetings here?

Thanks.

Deborah Wilen-Cohen, R.A.
Owner's Representative
EXTELL Development Company
805 Third Avenue   7th Floor
New York,  New York  10022
t. 646.519.6023
c.646.823.7256
dcohen@extelldev.com


Priya Jadhav


H. Thomas O'Hara, Architect, PLLC
135 West 36th Street
New York, NY 10018
Tel: 212-695-3117  Ext:302
Fax: 212-695-3118
priya@hto-architect.com


H. Thomas O'Hara Architect, PLLC, provides electronic design files as a professional courtesy.  No warranty express or implied is made as to the accuracy or completeness of electronic design files.  Permission to use or copy H. Thomas O'Hara Architect, PLLC logo and standard titleblock, if included in the electronic design files, is NOT given.  The person or entity receiving the transmission of the electronic design files is responsible for verifying any data in question that is critical to their intended use of the files. H. Thomas O'Hara Architect, PLLC accepts no liability arising from the use of any electronic design files, this includes files, which are corrupted in transit or modified after receipt.
Any usage of attached Electronic Files implies agreement to the above terms.


Priya Jadhav


H. Thomas O'Hara, Architect, PLLC



Cohen, Deborah, 01:19 PM 1/15/2007, RE: Extell's 135w45

135 West 36th Street
New York, NY 10018
Tel: 212-695-3117  Ext:302
Fax: 212-695-3118
priya@hto-architect.com

H. Thomas O'Hara Architect, PLLC, provides electronic design files as a professional courtesy. No warranty express or implied is made as to the accuracy or completeness of electronic design files. Permission to use or copy H. Thomas O'Hara Architect, PLLC logo and standard titleblock, if included in the electronic design files, is NOT given. The person or entity receiving the transmission of the electronic design files is responsible for verifying any data in question that is critical to their intended use of the files. H. Thomas O'Hara Architect, PLLC accepts no liability arising from the use of any electronic design files, this includes files, which are corrupted in transit or modified after receipt.
Any usage of attached Electronic Files implies agreement to the above terms.

## Priya Jadhav

From: Cohen, Deborah [dcohen@extelldev.com]
Sent: Monday, January 15, 2007 11:09 AM
To: Priya Jadhav
Subject: RE: Extell's 135w45

Sounds good but am checking with Hepzi on Gary's schedule. At this early stage I think his availability is key. Make it tentative and I'll keep you posted.

Deborah Wilen-Cohen, R.A.
Owner's Representative
EXTELL Development Company
805 Third Avenue   7th Floor
New York, New York  10022
t. 646.519.6023
c.646.823.7256
dcohen@extelldev.com

---

From: Priya Jadhav [mailto:priya@hto-architect.com]
Sent: Friday, January 12, 2007 2:43 PM
To: Cohen, Deborah; tom@hto-architect.com
Cc: Rothstein, David
Subject: Re: Extell's 135w45

Hi Deborah:

Thank you for updating us with the invoice status - much appreciated.

Attached you will find a time schedule. Please note this is only a first pass - it will obviously be updated when we have the requisite full design team on board.
As you can see the schedule reflects architecturals being at 40% Schematic Design. This schedule will be a starting point and we will refine it as we go along.

With regards to the weekly meetings, here are some time slots:
Tuesdays: 10:00AM or 4:00PM
Thursdays: 11:30AM.
Please advise.

Talk to you soon.
Thanks
Priya

At 03:39 PM 1/11/2007, Cohen, Deborah wrote:

Hello Tom.

Your invoice dated December 2006 is being processed as we speak. As is the norm, retainer is credited toward future work.

5/16/2007

# EXTELL

May 10, 2007

HTO Architect PLLC
135 West 36th Street
New York New York 10018
Attn: Mr. H. Thomas O'Hara

Dear Tom,

While we continue to respect you as an individual and personally, we have been obliged to terminate our relationship with HTO Architect, PLLC. Further, we cannot reasonably justify the payment of the most recent invoice dated May 3, 2007 from HTO Architect, PLLC.

As of February 2007 Extell has compensated HTO Architect $ 226,331.49 for services towards the contract and services preceding the contract. The most recent invoice from HTO Architect dated May 3, 2007 notes an outstanding balance of $273,076.60 for 100% completion of Schematic Design and 60% completion of Design development. We take issue with the claim that the Schematic Design was 100% complete - much less the 60% completion of Design Development. Also note a $ 60,000 retainer paid by Extell is not represented in the balance due.

At every juncture, design initiative came from members of the Extell team well beyond what should have been simply the editing of HTO Architect's work. Most often at meetings, HTO Architect would present a record of preceding programmatic requests rather than having taken those requests, evolving them beyond diagrammatic and creating a better overall building and product. Most often the newly incorporated requests were executed with little regard to negative impact on the earlier scheme and caused damage to previous solutions.

One single but dramatic oversight - the lack of sidewalk level code required Pedestrian Circulation - forced the redesign of the ground floor and caused enormous impact on the overall design that reverberated throughout the process. Other design missteps, often simply clumsy and thoughtless, collectively add up to a damaging lack of progress. Items such as the cellar egress corridor and stair at first cut off ground floor lobby in plan. Then when relocated for better entry circulation, the egress stair was presented with a four foot head room clearance. Also time and again, Extell's Director of Design dictated the ideal linear feet of kitchen counters for residential apartments and was repeatedly ignored.



EXTELL DEVELOPMENT COMPANY

805 THIRD AVENUE, 7TH FLOOR  NEW YORK, NY 10022  T. 212 712 6000  F. 212 712 6100  WWW.EXTELLDEV.COM

Both delivery and content of the design were for the most part that of a student of architecture and not that of a seasoned professional for which Extell was prepared to pay. Extell repeatedly cautioned HTO Architect that the design process was not acceptable; that HTO Architect was effectively on probation. At HTO Architect's request, Extell continued the relationship in the hopes that HTO Architect would produce improved results; that design initiative would emerge from HTO Architect to salvage all the time and work invested. Unfortunately, HTO Architect continued to be inattentive or unable to progress and at no time did Extell sense the deeper involvement of its principle, H. Tom O'Hara, as promised.

This prolonged and exhausting process has likely cost Extell the opportunity to participate in the current 421a tax rebate program. In light of all this, it is unreasonable to suppose this most current invoice # 7140 for $ 273,076.60 will be recognized by Extell; effectively penalizing Extell for patience with HTO Architect PLLC's lackluster and damaging performance.

Respectfully,

Gary Barnett
President
Extell Development Company