UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. THOMAS O'HARA ARCHITECT, PLLC and H. THOMAS O'HARA,

    Plaintiffs

-against-

EXTELL WEST 45TH STREET LLC, EXTELL WEST 45TH LLC and EXTELL DEVELOPMENT COMPANY

    Defendants.

Civil Action  07 CV 11224

(LAK)(JCF)

ECF CASE

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

ARENT FOX, LLP

**David J. Pfeffer** (DJP-1317)
1675 Broadway
New York, New York 10019
Tel. 212-484-3900

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1
PARTIES .........................................................................................................................................1
STATEMENT OF FACTS ..............................................................................................................2
ARGUMENT ...................................................................................................................................5
A.    Plaintiffs Are Entitled To Summary Judgment as a Matter of Law Where There Is No Genuine Issue as To Any Material Fact ................................................................5
B.    Plaintiffs Are Entitled To Summary Judgment On Their Account Stated Claim ...............6
CONCLUSION ..............................................................................................................................11

## TABLE OF AUTHORITIES

Page

Federal Cases

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986) .................................................. 5, 6

Celotex Corp. v. Catrett,
  477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552-53 (1986) .................................................. 5, 9

Contemporary Mission Inc. v. United States Postal Service,
  648 F.2d 97, 106-107 (2d Cir. 1981) ................................................................................ 10

Knight v. U.S. Fire Ins. Co.,
  804 F.2d 9, 10 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987) .................................... 5, 6

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
  475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986) .................................................................. 6

Textil, LDA v. Judy-Philippine, Inc.,
  2001 U.S. Dist. LEXIS 12698, at * 1-2 (S.D.N.Y. Aug 23, 2001) .................................... 5, 6

West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.,
  78 F.3d 61, 63 (2d Cir. 1996) (per curiam) .......................................................................... 6

State Cases

Ehrlich v. Tullo,
  274 A.D.2d 303, 710 N.Y.S.2d 572 (1st Dept. 2000) .......................................................... 8

Friedlander, Gaines, Cohen, Rosenthal & Rosenberg v. Int'l Compumedics Corp.,
  54 A.D.2d 859, 388 N.Y.S. 2d 305 (1st Dep't 1976) ........................................................... 7

George S. May International Company v. Thirsty Moose, Inc.,
  796 N.Y.S.2d 196, 197, 2005 N.Y.Slip Op. 04447 (3d Dept. 2005) .................................... 8

Jim-Mar Corp. V. Aquatic Constriction, Ltd.,
  195 A.D.2d 868, 600 N.Y.S.2d 790, 791 (3d Dept. 1993) ................................................... 7

Manhattan Telecommunications Corp. v. Best Payphones, Inc.,
  299 A.D.2d 178, 749 N.Y.S.2d 246 (1st Dept. 2002) .......................................................... 9

Mulitex USA, Inc. v. Marvin Knitting Mills,
  12 A.D.3d 169, 784 N.Y.S.2d 506 (1st Dept. 2004) ............................................................ 8

State Law. In 1492 Realty Corp. v. Summit Renovation Corp.,
  259 A.D.2d 603, 686 ............................................................................................................. 8

State Regulations

par. 1-5 ...................................................................................................................................... 2

Plaintiffs H. Thomas O'Hara Architect, PLLC and H. Thomas O'Hara (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the fifth cause of action, a claim for account stated, in its verified amended complaint (the "Complaint") against defendants, Extell West 45th Street LLC, Extell West 45th LLC, and Extell Development Company (collectively, "Defendants"). Plaintiffs seek a judgment as to liability and quantum on the first cause of action based upon account stated. In support thereof, Plaintiffs also submit the accompanying affidavit of H. Thomas O'Hara (the "O'Hara Affidavit") with exhibits and the accompanying affirmation of David J. Pfeffer (the "Pfeffer Affirmation"), as well as a statement of facts.

## PRELIMINARY STATEMENT

The undisputed and indisputable facts demonstrate that, as a matter of law, Plaintiffs are entitled to judgment on the fifth cause of action for account stated asserted in the Complaint. Accordingly, Plaintiffs are entitled to partial summary judgment as a matter of law.

The following undisputed material facts are set forth in the O'Hara Affidavit which in turn is based upon the agreements entered into by the parties herein and their respective business dealings.

## PARTIES

Plaintiff, H. Thomas O'Hara Architect, PLLC is a professional limited liability company organized and existing under the laws of the State of New York. Plaintiff H. Thomas O'Hara is a resident of the State of New York. Upon information and belief, Defendant, Extell West 45th Street LLC is a limited liability company organized and existing under the laws of the State of New York. Upon information and belief, Defendant, Extell West 45th LLC is a limited liability company organized and existing under the laws of the State of New York. Upon information and

belief, Defendant, Extell Development Company is a company organized and existing under the laws of the State of New York.

## STATEMENT OF FACTS

On or about November 30, 2006, Plaintiffs and Defendants entered into an agreement (the "Agreement") whereby Plaintiffs agreed to act as the licensed and registered architect for Defendants and provide, among other things, professional architectural services and prepare architectural and design documents, work product and intellectual property in connection with Defendants' major real estate development project located at 139 West 45th Street, New York New York (the "Project").[1]

Pursuant to the Agreement, Plaintiffs were obligated to perform certain design and architectural work in exchange for a contract price of $1,200,000. Plaintiffs duly performed all of their obligations under the Agreement until Defendants improperly and materially breached the Agreement by, among other things, failing to pay Plaintiffs. Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants did not materially breach the Agreement.

Defendants currently owe Plaintiffs approximately $273,076.60 for the unpaid services on the Project, which Defendants accepted without objection.

Prior the institution of this action, parties engaged in business transactions between them. Plaintiffs rendered to Defendants multiple Statements of Account for the services rendered.

---

[1] The Court will note that the Agreement has not been executed by both parties. Nevertheless the parties ratified the Agreement by their course of conduct over more than six (6) months of dealings. More to the point, the Defendants have judicially admitted the document as the Agreement between the parties in the Defendants' counterclaims contained in their Answer, where they acknowledge that the Agreement was exchanged, that it set out (acceptable and accepted) scope and fee, that the parties acted in accordance with it, that substantial performance and partial payment was made under it, and that no other document was ever substituted for it (Ex. Answer to Amended Complaint and Counterclaims, at par. 1-5, 20, 26, et. seq.)

On or about December 5, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from November 1, 2006, through December 5, 2006 with a total amount due of $67,045.10.

On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through December 31, 2006 with a total amount due of $25,057.60.

On or about December 29, 2006, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from December 6, 2006, through December 31, 2006 with a total amount due of $112,079.89.

On or about February 26, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from February 1, 2007, through February 28, 2007 with a total amount due of $102,992.31.

On or about March 30, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from March 1, 2007, through March 31, 2007 with a total amount due of $145,051.79.

On or about May 3, 2007, Plaintiffs rendered to Defendants a Statement of Account for professional services rendered from April 1, 2007, through May 2, 2007 with a total amount due of $273,076.60.

Defendants did not reject nor object to any of the above Statements of Account. Under the Statement of Account, Defendants originally owed Plaintiffs $410,156.49, and now owe Plaintiffs not less than $273,076.60, plus interest.

Although Defendants paid initial invoices from Plaintiffs, they ceased making payments in January, 2007. Plaintiffs continued working with Defendants on the Project, at the

Defendants' request, but Plaintiffs continued inquiries into the status of the invoice payments were ignored. Plaintiffs were specifically directed by Defendants not to contact Gary Barnett, President of Extell Development Company, regarding unpaid invoices. Questions regarding invoices and payments were referred to an employee of Defendants who failed to respond to e-mails or phone calls.

On or about May 10, 2007, Gary Barnett, on behalf of Defendants, terminated the Agreement and refused to pay the outstanding invoices (acknowledging the Defendants" receipt of the invoices in the process), belatedly claiming that Plaintiffs' "delivery and content of the design were for the most part" deficient and not of the type that Defendants' were "prepared to pay." However, as recently as March 19, 2007, Defendants' Senior Vice President of Development, Deborah Wilen-Cohen, wrote to Plaintiffs' that "Gary is very pleased with sketches and numbers from this morning. Thank you all for your efforts so far…Looking forward to more."

Defendants unilaterally, and without prior notice or explanation, ceased paying Plaintiffs' invoices but continued to encourage Plaintiffs to perform work on the Project, and continued to compliment such work. At no time did Defendants seek to repudiate their payment obligations until well after Plaintiffs' performance. After the Plaintiffs' work had been substantially completed and payment was already overdue, Defendants abruptly and unjustly terminated the Agreement for alleged performance-based reasons. Defendants' claim of deficient performance on the part of Plaintiffs was pretextual as demonstrated by Defendants' later actions.

Following Defendants' material breach of the Agreement, they retained another architect to work on the Project. Defendants improperly copied and transferred Plaintiffs' documents and work product in violation of, among other things, the Agreement and the United States Copyright

Act, to Defendants' second architect, other members of the Project team and third parties for, among other things, the sale of the Project.

Plaintiffs duly performed all of their obligations under the Agreement until Defendants improperly and materially breached the Agreement by, among other things, failing to pay Plaintiffs. Despite due demand, Defendants have refused to pay sums due Plaintiffs for the work duly performed by Plaintiffs on the Project and the lost profit which Plaintiffs would have realized if the Defendants had not materially breached the Agreement.

## ARGUMENT

A.  **Plaintiffs Are Entitled To Summary Judgment as a Matter of Law Where There Is No Genuine Issue as To Any Material Fact**

Summary judgment is appropriate in the absence of a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Textil, LDA v. Judy-Philippine, Inc., 2001 U.S. Dist. LEXIS 12698, at * 1-2 (S.D.N.Y. Aug 23, 2001) (Batts, J.) ("Textil"), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). Under the applicable standards governing summary judgment, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-8, 106 S. Ct. at 2509-10 (emphasis in original); Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 10 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987) ("the mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment.").

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552-53 (1986); Knight, 804 F.2d at 10. Summary judgment is "mandated against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. As the United States Supreme Court explained in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986), "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id.

Accordingly, a party opposing such a motion "may not rest upon the mere allegations or denials of [their] pleadings, but . . . must set forth specific facts showing that there is [a] genuine issue for trial." Rule 56(e); Textil, 2001 U.S. Dist. LEXIS 12698 at *3, citing West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co., 78 F.3d 61, 63 (2d Cir. 1996) (per curiam). In this regard, the court may consider only admissible evidence; if such evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249, 106 S. Ct. at 2510; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient. Textil, 2001 U.S. Dist. LEXIS 12698, at * 3 (citations omitted); see also Knight, 804 F.2d at 12.

B. **Plaintiffs Are Entitled To Summary Judgment On Their Account Stated Claim**

The elements of an action for account stated are set forth in a leading New York treatise:

> "Agreement may be implied from the retention of the account rendered for an unreasonable period of time without objection. In other words, the silence of the person receiving an account without making an objection within a reasonable time will be construed as acquiescence in its justness, and he or she will be bound by it as if it were a stated account. An agreement may be implied if a party receives a statement of account and keeps it without objecting to it

> within a reasonable time because the party receiving the account is bound to examine the statement and object to it, if objection there be. Silence is acquiescence and warrants enforcement of their implied agreement to pay." <u>N.Y.Jur.2d Accounts and Accounting, Section 22.</u>

Under the doctrine of account stated, a party who receives an account is bound to examine it, under New York law, and if that party admits that the account is correct, it becomes a stated account and is binding on both parties. Express assent to the account is not necessary to trigger doctrine of account stated inasmuch as assent may be inferred by silence when an account rendered remains unquestioned a reasonable time after receipt. Furthermore, an agreement to pay an indebtedness may be implied, pursuant to doctrine of account stated, if the objecting party makes a partial payment. <u>In re ROCKEFELLER CENTER PROPERTIES and RCP Associates Bkrtcy.S.D.N.Y.,2000.</u>

The Courts of New York have further held that:

> "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due ... [citations omitted] The agreement may be express or ... implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances." <u>Jim-Mar Corp. V. Aquatic Constriction, Ltd., 195 A.D.2d 868, 600 N.Y.S.2d 790, 791 (3d Dept. 1993)</u>.

Thus, in <u>Jim-Mar</u>, the Appellate Division held that the buyer's silence upon receiving the seller's invoice in accordance with their prior practice was deemed acquiescence and warranted enforcement of implied agreement to pay.

Similarly, the court in <u>Friedlander, Gaines, Cohen, Rosenthal & Rosenberg v. Int'l Compumedics Corp., 54 A.D.2d 859, 388 N.Y.S. 2d 305 (1st Dep't 1976)</u> found that two partial payments on account without dispute to amount due or services provided established account stated.

A party setting out a proper cause of action for account stated is entitled to summary judgment, even under State Law. In <u>1492 Realty Corp. v. Summit Renovation Corp., 259 A.D.2d 603, 686</u> N.Y.S.2d (2d Dept. 1999), the Second Department reversed the lower court's denial of summary judgment where a buyer who did not pay and raised no objection within a reasonable time to selected invoices billing for goods and services was liable to the seller for account stated. Likewise in <u>Mulitex USA, Inc. v. Marvin Knitting Mills, 12 A.D.3d 169, 784 N.Y.S.2d 506 (1st Dept. 2004)</u>, the First Department held that a supplier's statement was an "account stated." where no issue was raised regarding the quality of the goods supplied, the timeliness of the delivery, or amounts listed in the invoices themselves and where the customer admitting receiving the statement and retaining it without objection. The Appellate Division held that the trial court had properly "concluded that numerous detailed invoices confirming the agreements made between plaintiff and [defendant] constituted confirmatory writings in accordance with the merchant's exception set forth in <u>UCC 2-201(2)</u>. Since [defendant] never made a timely objection to those invoices, it cannot now assert the statute of frauds as a defense." <u>784 N.Y.S.2d at 507</u>.

The acceptance of invoices without objection suffices to establish an account stated. In <u>George S. May International Company v. Thirsty Moose, Inc., 796 N.Y.S.2d 196, 197, 2005 N.Y.Slip Op. 04447 (3d Dept. 2005)</u>, the Court found that the plaintiff had established a prima facie case for account stated in that "the invoices it produced were signed and accepted by defendant's president without objection and there is proof that defendant remitted a partial payment to plaintiff." The Court also held that the defendant's "general denials and conclusory allegations in opposition to plaintiff's cross motion [for summary judgment] failed to establish the existence of a triable issue of fact with respect to either of plaintiff's claims." Id. at 197.

Likewise, in <u>Ehrlich v. Tullo, 274 A.D.2d 303, 710 N.Y.S.2d 572 (1st Dept. 2000)</u>, the

First Department held that an attorney had satisfied all elements of a claim for account stated by demonstrating that the client received and retained his bills without objection and that the parties and entered into a stipulation as to the amount of the plaintiff's fee.

Newly created oral claims of protest do not suffice to defeat a valid claim for account stated. In Manhattan Telecommunications Corp. v. Best Payphones, Inc., 299 A.D.2d 178, 749 N.Y.S.2d 246 (1st Dept. 2002), the First Department affirmed the trial court's grant of summary judgment. "The Defendant's receipt and retention of plaintiff's invoices seeking payment for telephone services rendered, without objection within a reasonable time, gave rise to an actionable account stated...There was no indication that any protest was made to the regularly issued invoices, aside from bare assertions of oral protest contained in an unsupported affidavit. These 'self-serving, bald allegations of oral protest were insufficient to raise a triable issue of fact as to the existence of the account stated." 749 N.Y.S.2d at 247.

Plaintiff is also entitled to summary judgment under the governing and less restrictive standard of the Federal Rules of Civil Procedure. The Defendant cannot meet its burden required by the Federal Rules in order to avoid summary judgment granted by this Court. "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotext Corporation v. Catrett, 477 U.S. 317, 322 (1986) "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact...[citation omitted]. Conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.' [citation omitted].

The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts or defeat the motion through mere speculation or conjecture [citation omitted]." Wertheim Schroder & Co. Inc. V. Avon Products, Inc. 1993 126427 W.L. at 4 (S.D.N.Y. 1993)"

In Contemporary Mission Inc. v. United States Postal Service, 648 F.2d 97, 106-107 (2d Cir. 1981), the Second Circuit affirmed the District Court's grant of summary judgment explaining that "[s]omething more than a fanciful allegation is required to justify denying a motion for summary judgment where the moving party has met its burden of demonstrating the absence of any genuine issue of material fact." Id at 107. Thus, in Contemporary Mission, where the defendant produced affidavits setting forth reasonable grounds for their actions and the "plaintiff responded by presenting immaterial factual inconsistencies and by reiterating its conclusory allegations of conspiracy," the Second Circuit found that the movants "sustained their burden of demonstrating that no genuine issue of material fact existed in this action that would warrant a trial." Id at 107.

More directly on point, in Milstein, 47 A.D. 2d at 806, 365 N.Y.S. 2d at 303, payments on an account over a period of months without any suggestions that there was anything wrong with bills or underlying services effected acknowledgment of debt. In that case, Plaintiffs-appellants rendered architectural services for defendant-respondent in connection with construction at two club houses owned by respondent. The Court found that: "The movants' affidavit and documents establish a classical situation for an account stated. Respondent made payments over a period of 14 months without a word of complaint or any suggestion that there was anything wrong with appellants' services or the bills they submitted."

Here, Plaintiffs have demonstrated with competent documentary evidence that they had

established an implied account stated with Defendants based on the continuing payments from Defendants to Plaintiffs for the early invoices. Furthermore, as discussed above, Defendants were given prolonged periods of time to examine the invoices and make objections but refused to do so. In fact, the evidence shows only that Defendants were satisfied with both the quality of the work and the numbers presented to them. Defendants objections to the work arose only after the work had been completed and the Plaintiffs demanded full payment for professional services rendered by them and accepted by Defendants. Even here, the Defendants actions are contrary to their claims, in so far as they continued to copy and distribute Plaintiffs' original work as part of their marketing campaign for the Project.

## **CONCLUSION**

For the reasons set forth herein and in the accompanying affidavit of H. Thomas O'Hara and affirmation of David J. Pfeffer, there is no genuine issue as to any material fact and accordingly Plaintiffs are entitled to summary judgment as a matter of law.

For this reason, Plaintiff submits that the Court should (1) issue an order granting Plaintiffs' Motion for Summary Judgment; (2) enter judgment in Plaintiffs' favor on the fifth count in Plaintiffs' Complaint; and (3) grant Plaintiffs any and all further relief, including damages and injunctive relief, as the Court deems appropriate.

Dated: June 17, 2008  
New York, New York

Respectfully submitted,

Arent Fox LLP  
1675 Broadway  
New York, NY 10019-5874  
212.484.3900

By: _____  
David J. Pfeffer, Esq. (DJP-1317)  
*Attorneys for Plaintiffs*  
*H. Thomas O'Hara Architect, PLLC and*  
*H. Thomas O'Hara*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. THOMAS O'HARA ARCHITECT, PLLC and H. THOMAS O'HARA,<br><br>        Plaintiffs<br><br>        -against-<br><br>EXTELL WEST 45TH STREET LLC, EXTELL WEST 45TH LLC and EXTELL DEVELOPMENT COMPANY<br><br>        Defendants. | **Civil Action 07 CV 11224 (LAK)(JCF)**<br><br>**ECF CASE**<br><br>**CERTIFICATE OF SERVICE** |

    I, Edwin Fragoso, herby certify that on June 17, 2008, true and correct copies of the attached Motion for Summary Judgment, dated June 17, 2008 in the above captioned proceeding, were caused to be served in accordance with the Federal Rules of Civil Procedure, by e-mail, certified mail, and electronically, pursuant to the U.S. District Court, Southern District of New York's Procedures for Electronic Case Filing, upon the following attorneys duly authorized to accept service on behalf of Defendants:

    Morrison Cohen LLP
    Y. David Scharf, Esq.
    909 Third Avenue
    New York, New York 10022
    dscharf@morrisoncohen.com

    Morrison Cohen LLP
    Alvin C. Lin, Esq.
    909 Third Avenue
    New York, New York 10022
    alin@morrisoncohen.com

    Extell Development Company
    Ahuva Genack, Esq.
    805 Third Avenue, Seventh Floor
    New York, New York 10022
    ageneck@extelldev.com

                                                                                  _____
                                                                                  Edwin Fragoso